THE PEOPLE ex rel. PETER H. SHORT, Appellant, *v.* THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK, Respondent.

On *certiorari* to review the action of the Board of Fire Commissioners of the city of New York in transferring the relator from duty as chief of battalion in the fire department to that of foreman, it appeared from the return of the board that in July, 1886, one McC. held the position of second assistant chief of the department; that the board of fire commissioners adopted a resolution discharging him for incompetency and incapacity; and thereafter, on August 4, 1886, in good faith, believing said position to be vacant, by resolution promoted one R. to it from that of chief of battalion, and promoted the relator to the latter position from that of foreman. This resolution did not state that the promotion was made to fill a vacancy. Subsequently, on *certiorari*, the proceedings of the board in the removal of McC. were adjudged void and he was reinstated, and the persons so promoted were transferred back to their former positions. *Held*, that the return of the board must be taken as true; that its resolution promoting the relator must be construed in connection with the facts appearing, and when so construed, it appeared that no new office was created or intended thereby, but that the relator's promotion was to fill a supposed vacancy which did not, in fact exist; that the proceedings of the board were not in conflict with the provisions of section 440 of the New York Consolidation act (§ 440, Chap. 410, Laws of 1882), and were regular and proper.

Reported below, 47 N. Y. 528.

(Argued March 15, 1889; decided March 26, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 2, 1888, which affirmed an order of the Board of Fire Commissioners of the city of New York transferring the relator from duty as chief of battalion to duty as foreman in said fire department.

The facts are sufficiently stated in the opinion.

*Edward E. McCall* for appellant. Short having been established in the rank of chief of battalion, the commissioners could not remove him without first, preferring written charges, and, secondly, granting the accused a trial on same by virtue of the laws governing the discipline of the fire department. (*People* v. *Bd. of Fire Com.*, 72 N. Y. 445 ; *People* v. *Grant*,

12 Daly, 294 ; *People* v. *Dept. Fire and Buildings*, 8 N. Y. State Rep. 634 ; *People* v. *Thompson*, 94 N. Y. 463 ; *People* v. *Fire Comrs.*, 23 Hun, 320 ; *People* v. *Campbell*, 18 J. & S. 90 ; *People ex rel. Blake* v. *Bd. of Police*, 27 Week. Dig. 213.) If the action of the commissioners is adjudged to have been legal and clearly within their power, and such proceeding is declared to have been a mere " transfer " and not a " removal," then the relator should lose neither the insignia of nor the salary or emoluments attached to the office of chief of battalion.    (Laws 1887, chap. 218, 256 ; *People ex rel.* v. *Bd. of Police*, 75 N. Y. 38, 41, 42 ; *People ex rel.* v. *French*, 91 id. 265, 270.)    If Short was promoted to fill a vacancy, and that vacancy the one created by the promotion of Chief Reilly to the rank of second assistant engineer, such an appointment was a valid and binding one, and was not in any manner affected by the subsequent decision in the case of *People ex rel. McCabe* v. *Fire Commissioners.*    Chief Reilly, when he accepted the promotion tendered him by the board of fire commissioners voluntarily relinquished and impliedly resigned his office as chief of battalion.    (*People* v. *Green*, 58 N. Y. 364; *Milward* v. *Thacher*, 2 T. R. 82; *People* v. *Nostrand*, 46 N. Y. 381 ; *People* v. *Carique*, 2 Hill, 93.)    The fact that the relator has continued to perform his regular duties as foreman and has accepted the salary of that position under protest is not a waiver of his rights. (*People ex rel. Satterlee* v. *Bd. of Fire Comrs.*, 75 N. Y. 38; *Keyn* v. *State*, 93 id. 291.)

*William L. Findley* for respondent.    The writ of *certiorari* is granted only to review the determination of a body or officer, and a merely ministeral act cannot be inquired into in such proceeding. .(Code of Civil Pro. § 2120 ; *People* v. *Walter*, 68 N. Y. 403; *People* v. *Bd. of Health*, 12 Abb. Pr. 88.)

HAIGHT, J.  The relator brought *certiorari* to review the action of the respondent in transferring him from duty as chief

1889.]    People ex rel. Short *v.* Fire Commissioners.    69

Opinion of the Court, per Haight, J.

of battalion in the fire department to that of foreman. It
appears from the return of the respondent that in July, 1886,
óne John McCabe held the position of second assistant chief
of the department; that the board of fire commissioners
adopted a resolution on removing and discharging him from
the position, on account of incapacity and incompetency;
and thereafter, and on the 4th of August, 1886, the board, in
good faith believing that the position of second assistant chief
of department was then vacant, passed a resolution promoting
Francis J. Reilly from the position of chief of battalion to
that of second assistant chief of department, and thereupon, and
at the same time, in good faith supposing the position of chief
of battalion had been made vacant by the promotion of Reilly,
passed another resolution promoting the relator from foreman
to that of chief of battalion. Subsequently, McCabe procured
a writ of *certiorari* in the Supreme Court to review the pro-
ceedings of the board in relation to his removal from office,
and in that proceeding it was adjudged that the proceedings of
the respondent were irregular and void, and that McCabe be
reinstated in his office. Thereupon he was so reinstated, and
Reilly, who had been promoted to his place, was transferred
back to his former position, and the relator, who had been
promoted to Reilly's place, was transferred back to his former
rank.

It is contended, on the part of the appellant, that the board
of fire commissioners had no power to thus reduce the rank
of the relator; that his appointment to chief of battalion was, in
effect, the creation of a new office, and that it was not to file
a vacancy. It is true that the resolution of the board of fire
commissioners appointing him chief of battalion is silent upon
the question as to whether it was to fill a vacancy; but the
return of the board is explicit upon the point, and states that
the resolution or promotion was made in good faith, upon the
supposition that there was a vacancy caused by the promotion
of Reilly, and that Reilly's promotion was also made upon the
supposition that there was a vacancy caused by the removal
of McCabe. The return of the board must be taken as true·

It follows that the attempted promotion by the resolution referred to was to fill a supposed vacancy which did not, in fact, exist.

The argument to the effect that the resolution created a new office for the relator is not founded upon any fact. An inference to that effect is attempted to be drawn from the resolution appointing him chief of battalion, but this resolution must be construed in connection with the facts appearing upon the return, and, when so construed, it distinctly appears that no new office was created or intended.

The court below was of the opinion that the relator had no just cause of complaint, and that the proceedings of the board were regular and proper and not in conflict with the provisions of section 440 of the New York Consolidation Act of 1882. This opinion is in accord with our view.

The order should be affirmed, with costs.

All concur.

Order affirmed.