PEOPLE ex rel. ALBERTSON v. McADOO, Police Com'r.

(Supreme Court, Special Term, New York County. February, 1905.)

MUNICIPAL CORPORATIONS—NEW YORK CITY—POLICE DEPARTMENT—POLICE INSPECTOR—APPOINTMENT.

Where a police inspector, of whom 15 are allowed by law, was dismissed after trial, and relator appointed in his place, but the dismissal was annulled by the Appellate Division, it was proper for the police commissioner, without a trial or hearing, to direct relator to assume the duties of the office from which the commissioner had attempted to promote him; relator

never having held the position of police inspector, within the meaning of the civil service law, requiring charges and a hearing before removal and reduction.

Mandamus by the people, on the relation of Charles L. Albertson, to compel William McAdoo, as commissioner of police, to restore relator to the position of police inspector. Motion for writ denied.

Frank Davis, for relator.

John J. Delaney, Corp. Counsel (Terence Farley, of counsel), for defendant.

LEVENTRITT, J. This is an application to restore the relator to the position of inspector in the police department. The material facts stand practically undisputed. So far as there is conflict, the averments of the answering affidavits must be taken as true, as the application is one for a peremptory writ. People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, 61 N. E. 637. On June 23, 1903, the then police commissioner assumed to appoint the relator and two others to inspectorships in the police department, acting under the belief that vacancies existed. The charter provides for 15 inspectors. Section 276, Laws 1901, p. 118, c. 466. On February 1, 1903, there were 12 inspectors. Various appointments were made and retirements occurred during February and March. On March 6th the number was full. On the 15th of May there was a further vacancy by the retirement of another inspector. The then police commissioner, however, assumed that three vacancies existed by virtue of the dismissal after trials had of Inspector Grant on February 4th, and of Inspector Cross on May 6th. Three appointments were thereupon made—that of the relator and two others—one of whom, by virtue of being a veteran, was entitled to preference. The relator entered upon the performance of his duties, and became a de facto inspector. Thereafter, the dismissed inspectors having taken their cases to court, the Appellate Division, prior to December 22, 1904, annulled the proceedings dismissing them, and directed their reinstatement. On the last-mentioned date an order was made by the police commissioner by which the relator and another were "directed to resume the duties of captain of police, respectively, out of which the police commissioner * * * illegally and unsuccessfully endeavored to promote them." No charges were preferred against the relator, and the removal was solely on the ground of a lack of power to promote.

On these facts, it is difficult to see what standing the relator has to maintain this proceeding. The law allows but 15 inspectors. Neither the police commissioner nor the courts can by construction increase this number. When the relator was designated inspector, there was but one vacancy, to which the veteran was entitled. Inspectors Cross and Grant were still de jure inspectors—entitled, as a matter of law, to the salary of the office as an incident to it, unless it had been paid to a de facto incumbent, and entitled even then to maintain an action to recover its amount against the de facto officer. Stemmler v. Mayor, etc., 179 N. Y. 473, 72 N. E. 581. In other words, they never ceased to be inspectors. When the commissioner assumed to appoint the relator,

he had no authority to do so, because there was no vacancy. The promotion was illegal. The relator therefore never "held" the position within the meaning of the civil service law requiring charges and a hearing before removal and reduction. The manner in which the police commissioner proceeded seems the proper practice. People ex rel. Short v. Fire Com'rs, 47 Hun, 528, affirmed 114 N. Y. 67, 20 N. E. 824.

The motion must be denied.