(110 App. Div. 432)

PEOPLE ex rel. BALDWIN v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. December 8, 1905.)

1. MUNICIPAL OFFICERS—APPOINTMENT OF OFFICERS—ERRONEOUS PROMOTION OF POLICE CAPTAIN.

Where a captain in the police department of the city of New York was erroneously promoted to the office of inspector on the theory that there was a vacancy in the latter office, when in fact none existed, the police commissioner properly directed him to resume his duties as captain.

2. MANDAMUS—TITLE TO OFFICE—QUO WARRANTO.

Where a captain in the police department of the city of New York and a veteran entitled to preference were appointed to the office of inspector, when but one vacancy existed in that office, and the veteran qualified, and the captain was, after discharging the duties of inspector for some time, directed to resume his duties as captain, he could not by mandamus seek to regain the office of inspector, for he thereby sought to determine title to office in possession of some one, but his remedy was by quo warranto.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 162; vol. 41, Cent. Dig. Quo Warranto, § 13.]

3. SAME.

There were two vacancies in the office of inspector in the police department of the city of New York. The civil service commission certified four names from the eligible list, though it was their duty to certify the three highest for every vacancy. The police commissioner, on the erroneous theory that there were four vacancies, appointed the four; the first on the list being a captain promoted to the office of inspector, another being a veteran entitled to preference, and a third being expressly appointed to fill a vacancy arising from an incumbent's resignation. The captain for a time performed the duties of inspector, when the commissioner directed him to resume his duties as captain. Held, that the captain could not by mandamus regain his office in the possession of some one, but his remedy was by quo warranto.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 162; vol. 41, Cent. Dig. Quo Warranto, § 13.]

4. OFFICERS—DE FACTO OFFICER.

Where no vacancy existed in the office of inspector in the police department of the city of New York, a captain, erroneously promoted to the office of inspector, cannot, in a proceeding by mandamus to regain the office, claim that he is a de facto inspector; there being no office to fill.

5. MUNICIPAL CORPORATIONS—POLICEMEN—APPOINTMENT FROM ELIGIBLE LIST.

Greater New York City Charter, Laws 1901, p. 122, c. 466, § 288, provides that promotions in the police department shall be made by the police commissioner as prescribed by section 124 (page 48), which requires that all appointments, promotions, etc., shall be made in the manner prescribed in the Constitution and the civil service law. The rule of the civil service commission created by Laws 1899, p. 795, c. 370, requires that in case of promotions the commission shall certify the three persons standing the highest on the eligible list. Held, that the fact that one stood highest on the list of eligibles for promotion to the office of inspector in the police department did not require the police commissioner to appoint him.

Appeal from Special Term, Queens County.

Application for a writ of mandamus by the people, on the relation of Sylvester D. Baldwin, against William McAdoo, as police commissioner of the city of New York, to compel respondent to recognize relator as an inspector of police and to assign him to duty. From

so much of an order as denies an application for a peremptory writ, relator appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Thomas F. Magner, for appellant.

Terence Farley (Theodore Connoly, on the brief), for respondent.

JENKS, J.  This is an appeal from so much of an order as denies an application for a peremptory writ of mandamus to the commissioner of police of the city of New York to recognize the relator as an inspector of police and to assign him to duty.  I shall not discuss the merits of the case, inasmuch as I am of opinion that the relator has mistaken his remedy, in that it is not mandamus, but quo warranto.

On June 23, 1903, the then commissioner of police thought that there were four vacancies in the inspectorships.  The full number allowed and limited by the statute was 15.  Section 276 of the charter (Laws 1901, p. 118, c. 466).  One inspector had retired, two had been dismissed the force, and one had handed in his resignation, to take effect on July 12, 1903.  The commissioner made requisition upon the Civil Service Commission for the names of persons eligible for four vacancies, and on June 23, 1903, the secretary of the commission certified to him the names of Baldwin, the relator, Albertson, Wiegand, and Brennan.  These constituted the entire list of eligibles, and the names were in the order of their respective percentages.  A postscriptum in the letter of certification read:

"I beg to call your attention to the fact that John Wiegand has not filed any veteranship proofs in this office, but it is understood that he is a veteran, and if the fact is recorded in your office he must be given the preference in appointment which is allowed under section 20 of the White civil service law." Laws 1899, p. 808, c. 370.

On June 23, 1903, the commissioner made the following order:

"On reading and filing eligible list of the municipal civil service commission, dated June 23, 1903, ordered, that Sylvester D. Baldwin, Charles L. Albertson, John Wiegand, and Richard Walsh be, and hereby are, promoted to the grade of inspector of police, appointment of said Richard Walsh to take effect July 13, 1903."

The persons named qualified, entered upon the duties of inspector, and discharged them for some months.  Thereafter the First Division of this court, on certiorari, annulled the proceedings of dismissal of the two inspectors, dismissed the force prior to June 23, 1903, and reinstated them.  They resumed their duties.  The practical result was 17 persons serving as inspectors, when the law limited the number to 15.  Therefore, under advice from the corporation counsel, and in order to heed the law, the commissioner, on December 22, 1904, ordered Baldwin and Albertson, who were captains in the department before and on June 23, 1903, to resume the duties of that grade, and assigned them to specific places.  On January 16, 1905, the relator, upon his petition that the commissioner had made an order "depriving the petitioner of his said office in violation of the provisions of the charter," prayed for a peremptory mandamus to

the commissioner to recognize the petitioner as inspector, and to assign him to duty as an inspector. The commissioner showed by his answering affidavit, inter alia:

"There are now in the police department the full number of inspectors of police allowed by law, and that there is no fund available or authority of law for the payment of any larger number of inspectors of police than those at present in service."

The facts heretofore stated appeared by the affidavits before the learned Special Term upon this application. The allegations of the answering affidavits for the purpose of the application are true. People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, 61 N. E. 637, and authorities cited. The direction to Baldwin and Albertson to resume their duties as captains, respectively, was proper. People ex rel. Short v. Board of Fire Commissioners, 47 Hun, 528, affirmed 114 N. Y. 67, 20 N. E. 824. The learned counsel to the corporation contends that there was in the eye of the law on June 23, 1903, but one vacancy, while the learned counsel for the relator insists that there were two. I shall consider each contention.

If it appears that the commissioner could have appointed some other than Baldwin, the relator, that he named for the vacancy some one eligible, that such a one thereupon entered upon the discharge of the duties of the office, and was in such discharge at the time of the application before the court for a mandamus, then such a one was in the possession of the office under color of right. Hamlin v. Kassafer (Or.) 13 Pac. 778, 3 Am. St. Rep. 176, and authorities cited; Mechem on Public Officers, §§ 321, 322. Assuming that there was one vacancy, Baldwin, the relator, Albertson, or Wiegand, as the first three on the list certified, were eligible, unless Wiegand must be preferred as a veteran. The commissioner named all three (on the supposition, of course, that there were four vacancies). The affidavit of the chief clerk of the department of police shows that Wiegand was a veteran, and that Wiegand was sworn in office. The affidavit of the commissioner shows that the number of inspectors authorized by law is full, and that there is no fund available to pay other than those in service. I think, then, that when the relator, alleging that he had been deprived of his office, sought to regain it by mandamus, he thereby sought to determine the title to the office when some one was in possession thereof under color of right, and that the rule of People ex rel. McLaughlin v. Board of Police Commissioners, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596, is against him, and must obtain. There is a difference between the cases of Wiegand and Albertson in view of the decision in the latter's case, reported in 92 N. Y. Supp. 1004.

If there were two vacancies on June 23, 1903, due to the retirement of one inspector and the resignation of another handed in before that day, to take effect on July 12, 1903, I still think that the rule of McLaughlin's Case, supra, must obtain. The rule of the municipal civil service commission, as set forth in the answering affidavits, is that it was the duty of the civil service commission "to certify the three highest names on the list for every vacancy which was to be filled." There were certified but four names, which con-

stituted the entire list. If the commissioner could have filled two vacancies on June 23, 1903, he could have selected for one of them Baldwin, the relator, or Wiegand, or Albertson (unless Wiegand was entitled to a preference), and for the other vacancy, after the appointment to one vacancy, one of three remaining names, which would include that of Walsh. The record shows that the commissioner in his said order of June 23, 1903, named Walsh, one of the four certified as eligible by the civil service commission; and the affidavit of the commissioioner, as I have said, is that there is now in the department the full number of inspectors allowed by law, and that there is no fund available to pay any larger number than are now in service. In the absence of aught to the contrary, I think that, as to the second inspectorship (conceding, but not deciding, that there was a vacancy therein on June 23, 1903), there is now some one in possession of the office under color of right. If the 15 inspectorships are full, then the number authorized by law is complete, and the relator cannot contend on this proceeding that he is a de facto inspector, when there is no office to fill. Matter of Quinn, 152 N. Y. 89, 46 N. E. 175.

The learned counsel for the relator contends that the relator was entitled to a preference because a rule must apply different from that applicable from that of ordinary appointment. Section 288 of the charter provides that promotions shall be made by the police commissioner as prescribed in section 124 of the act, on a basis of seniority, meritorious police service, and superior capacity, as shown by competitive examination, and that inspectors must be selected from captains who shall have served at least two years as such. The said section 124 provides as follows:

"All appointments, promotions and changes of status of persons in the public service of the city of New York shall be made in the manner prescribed in the Constitution of the state and in accordance with the provisions of chapter 3 of the General Laws, commonly known as the 'Civil Service Law,' and such amendments as may be made thereto, and the provisions of this act."

Section 10 of the White law provides for the appointment of a city civil service commission to prescribe, amend, and enforce rules for appointments and promotions therein, and examinations therefor. The rule of the municipal civil service commission in the answering affidavit requires that in case of promotions the commission shall certify the three persons standing highest on the elegible list. The principle applicable was competitive examinations based upon seniority, meritorious public service, and superior capacity. The fact that the relator stood highest upon such an examination did not entitle him to appointment in the sense that the commissioner's appointment must follow the result of the examination as a mere ministerial act. For this would be destructive of the principle of appointment lodged in the commissioner, and would practically confer it on the examiners. People ex rel. Balcom v. Mosher, 163 N. Y. 32, 57 N. E. 88, 79 Am. St. Rep. 552.

Order affirmed, with $10 costs and disbursements. All concur.