---

(120 App. Div. 150)

### AMERICAN MORTG. CO. v. MERRICK CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

MECHANICS' LIENS—PRIORITIES—ASSIGNMENTS FOR CREDITORS.

    A debtor gave a trust mortgage of certain premises for the benefit of creditors. Three days afterwards one of the creditors, without accepting any rights under the mortgage, filed a mechanic's lien for materials furnished for the construction of the building. *Held*, that the giving of the mortgage was in effect a general assignment for the benefit of creditors, and the assignee took subject to the lien filed subsequent to the assignment, but within the time prescribed by the statute.

    Ingraham, J., dissents.

Appeal from Special Term, New York County.

Foreclosure proceedings by the American Mortgage Company against the Merrick Construction Company and others. From an order confirming the report of the referee in surplus proceedings, the Yellow Pine Company, a creditor, appeals. Reversed.

See 100 N. Y. Supp. 561, 50 Misc. Rep. 464.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

James A. C. Johnson, for appellant.

Albert R. Hager, for respondents.

LAMBERT, J. The surplus here under consideration arose from the sale of the premises Nos. 23 and 25 East Twenty-First street, in the city of New York, under foreclosure. The amount of this surplus is $10,852.73. The appellant claimant, the Yellow Pine Company, claims payment of its lien first out of this fund, and under the law as announced by the highest courts of this state we are of opinion that this contention is right, and that the order appealed from must be reversed.

The Merrick Construction Company, a corporation organized under the laws of this state, was the owner of the premises and had about completed a building, which it desired to dispose of for the purpose of paying its obligations. On the 31st day of May, 1904, while owing large sums of money for labor and materials, this corporation made and delivered a mortgage covering the said premises to George Moore Smith for $42,500. This mortgage was recorded on the morning of June 1, 1904. Mr. Smith was not a creditor of the corporation, and it is claimed by him that the mortgage, with the accompanying bond, was given to secure all of the creditors who in any way performed work

on said premises.  It is conceded that simultaneously with the giving of the bond and mortgage Mr. Smith executed to the corporation a document in the nature of a declaration of trust, in which he stated that he held the mortgage for the benefit of the creditors named in the document.  It is claimed that at the time of giving this mortgage the Merrick Construction Company was insolvent, but in the view we take of the question this is not material.  The Yellow Pine Company was one of the creditors of the Merrick Company for materials furnished, and on the 4th day of June, without accepting any rights under the mortgage, this company filed a mechanic's lien for $2,704.16. This lien, and the amount thereof, is not questioned; the contention being that the trust mortgage has priority over this claim, and·that the appellant must accept an equal division of this surplus with the other creditors.

In determining this question we must look to the substance of what has been done, and it seems to me that the giving of the trust mortgage concededly for the purpose of giving all of the creditors an equal standing, was in effect a general assignment of any interest of the Merrick Construction Company in the premises for the benefit of creditors; and the fact that all of the creditors were materialmen or laborers does not affect the case, for each of them had an equal right with the appellant to file liens, and the law giving preference in the order of perfecting such liens.  The effect being as we have stated, the case comes squarely within the spirit of the decision in John P. Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619, where it was held that under a general assignment for the benefit of creditors made by a general contractor, who has furnished and provided labor and materials for and towards the erection of a building, for which moneys are due or to become due to him, the assignee takes the title to such moneys subject to liens filed by laborers, mechanics, materialmen, or subcontractors subsequent to the assignment, but within 90 days prescribed by statute.  In Crane Co. v. Pneumatic Signal Co., 94 App. Div. 53, 87 N. Y. Supp. 917, the principle was applied to the case of a trustee in bankruptcy, and the court say:

"The underlying question in this case is whether a materialman, who furnishes to a contractor materials used in the construction of a building, acquires thereby and therefor an inchoate interest or lien which is superior to and not cut off by a general assignment for the benefit of creditors or voluntary bankruptcy proceedings occurring after the materials were furnished, but before the notice of lien has been filed."

And it is said:

"We regard the main question first above outlined to be authoritatively decided by the Court of Appeals in the case of John P. Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619."

This was affirmed sub nom. Crane Co. v. Smythe, 182 N. Y. 545, 75 N. E. 1128, on opinion below; and unless we are to distinguish between a trust mortgage, given to effect the same purpose which would be accomplished by a general assignment or the transfer of the property to an assignee in bankruptcy, from the facts involved in the cases cited, the appellant is entitled to relief here.  We are clearly of opinion that this cannot be done.  The appellant, by refusing to accept

rights under the mortgage and filing its lien, gained all of the rights intended to be conferred by the mechanic's lien law (Laws 1897, p. 514, c. 418), and that this right could not be divested by any voluntary act on the part of the Merrick Construction Company, no matter how praiseworthy might be their object toward other creditors. The policy of the lien law is to give priority to the diligent creditor, and while the appellant might have consented to take through the mortgage and the mortgage is doubtless valid as to those who accepted under the trust, it is not valid as against the lien which was duly perfected by the filing of the statutory notice, and the appellant must not be denied the right thus secured.

The order appealed from should be reversed, with costs, and an order entered directing that the lien of the Yellow Pine Company, with interest, should be first paid out of the surplus.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting). I think this order should be affirmed. By the mortgage to Smith for the benefit of specific creditors the payment of their claims was postponed for one year from the date of the mortgage, and upon acceptance by the creditors of this mortgage for their benefit they waived their right to file mechanic's liens or to enforce their claims against the mortgagor until the mortgage became due. There was, therefore, I think, a good consideration for the mortgage. The case is entirely different from assignments for the benefit of creditors, where the creditors are not parties to the assignment and part with nothing as a consideration for the transfer. I think this case must stand upon exactly the same condition as if the mortgagor had made a mortgage to each creditor to secure his claim, payable one year from date, which had been accepted by the creditor, and in such a case I think the mortgage is superior to a mechanic's lien subsequently filed. The appellant occupied, before the mortgage was executed, the same relation to the mortgagor that the creditors who were subsequently secured by the Smith mortgage occupied. The creditors parted with a valuable right on the faith of this mortgage, and I think they should be protected.