THE PEOPLE OF THE STATE OF NEW YORK ex rel.
STEPHEN A. RUDD, Appellant, *v.* JAMES C. CROPSEY,
District Attorney of the County of Kings, Respondent.

Civil service — when officeholder transferred to another posi-
tion in same office not required to submit to competitive
examination.

1. The Civil Service Law does not, nor do the rules, forbid a sim-
ple rearrangement in the force of a public office without increase of
pay or rank of the person affected by the change.

2. The transfer of one holding the position of stenographer and
private secretary in a public office to that of clerk in the same office,
at the same salary, is not a promotion within the terms of rule 14 of
the state civil service commission and the one transferred is not
required to submit to a competitive examination.

*People ex rel. Rudd* v. *Cropsey*, 166 App. Div. 903, reversed.

(Argued May 26, 1915; decided July 13, 1915.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
December 24, 1914, which affirmed an order of Special
Term dismissing an alternative and denying a motion
for a peremptory writ of mandamus.

The facts, so far as material, are stated in the
opinion.

*Robert H. Elder* and *Otho S. Bowling* for appellant.
The change of relator to the position of "clerk" from
that of "stenographer" was not a promotion, and, under
the statute and the rules, did not require an examination.
(L. 1909, ch. 15, art. 3, §§ 41, 42.)

*James C. Cropsey, District Attorney* (*Hersey Eggin-
ton* of counsel), for respondent. The transfer of appellant
from the position of private secretary and stenographer
to that of clerk, without a competitive examination for
promotion being had, was illegal and void and deprives
him of any right to relief by mandamus. (*Matter of*

*Meehan* v. *Flaherty,* 119 App. Div. 128; *People ex rel.
Hannan* v. *Board of Health,* 153 N. Y. 513, 521; *People
ex rel. Lee* v. *Gleason,* 32 App. Div. 357; *People ex rel.
Krushinsky* v. *Martin,* 91 Hun, 425; *Matter of Hyland*
v. *Waldo,* 158 App. Div. 654.)

CUDDEBACK, J.   The alternative writ of mandamus
which the order appealed from dismissed required the
defendant to reinstate the relator in the position of clerk
in the office of the district attorney of Kings county, or
show cause why he should not do so.

On January 1, 1904, the relator was appointed stenog-
rapher and private secretary in the office of the district
attorney at a salary of $1,500 a year.   The place at
that time was in the exempt class of the civil service, but
two years later it was placed in the competitive class.   In
December, 1909, the relator's salary was increased to
$1,700 a year

On November 1, 1911, the district attorney informed
the state civil service commission that he desired, for
good reasons which he gave, to transfer the relator from
the position of stenographer and private secretary to a
vacant clerical position in the office, the salary to remain
unchanged.   The civil service commission required the
relator to submit to a qualifying examination for the
position of clerk, which he did, whereupon the district
attorney appointed him to the position.

The relator continued to serve until July 12, 1913, when,
as he alleges, he was wrongfully dismissed.   At that
time charges were made against him by the defendant,
in which he was accused of being arrogant, dictatorial
and disagreeable to his associates, disobliging and unwill-
ing to do the work required of him, untruthful to the
district attorney, and not in harmony with his superiors,
with the result that his usefulness in the office of the dis-
trict attorney had been destroyed.   The relator was given
an opportunity to explain the charges against him, but

his explanation was not regarded as sufficient, and he was accordingly dismissed. A statement of the dismissal for the reasons assigned in the charges was made by the district attorney and filed with the state civil service commission on July 26, 1913.

The relator applied for the writ of mandamus now under consideration in order to be reinstated in the position from which he had been removed, upon the grounds, as he alleges, that the charges against him were false, and that he was removed for personal, political and other unlawful considerations. The defendant made a return to the writ of mandamus, denying the material allegations thereof.

The proceeding came on for trial before the court and a jury, and the writ was dismissed by the court without at all going into the question whether the relator was removed for political, personal, and other unlawful reasons, but the dismissal of the writ was solely on the ground that the relator's transfer from the position of stenographer and private secretary to that of clerk was in violation of the Civil Service Law, because it was a promotion in the service which could not be made until the relator had been subjected to and had passed successfully a competitive examination.

The defendant refers to and relies on section 16 of the Civil Service Law and rule 14 of the state civil service commission. Rule 14, which is based on section 16 of the statute, provides upon the subject of promotions as follows: "The term 'promotion' includes the appointment of any person in the service to another position in the same department * * * for original entrance to which there is required by the commission an examination involving *essential tests* different from or higher than those required for original entrance to the position previously held by such person." The rule further provides that where there are three or more persons eligible to any promotion, the commission shall hold a competi-

tive examination and from those found qualified on such examination, the selection of the person appointed shall be made.

It is the contention of the defendant that there were more than three persons eligible for promotion to the position of clerk when the relator was transferred to the place, and, therefore, the relator not having passed a competitive examination for the position of clerk was improperly designated. The relator insists, on the other hand, that there was no promotion in his transfer or appointment.

It seems to me that the argument of the relator is well founded, and that the facts do not show a promotion within rule 14. That rule, the language of which has been quoted, plainly contemplates that there are some transfers in the civil service which are permitted without the test of a competitive or other examination. Otherwise all transfers would have been forbidden. Rule 14 applies to the case of a transfer to a position for original entrance to which there is required *essential tests* different from those for original entrance to the position previously held by the person transferred. The position previously held by the relator in this case was stenographer and private secretary. The position to which he was transferred was that of clerk. The test for entrance to the position of clerk did not differ essentially from that required for entrance to the place of stenographer and private secretary. The record shows the examinations given for both positions. The only real difference is that a candidate for the relator's former place must have all the qualifications required for entrance to the position of clerk, and, in addition, must show proficiency in typewriting and stenography. That difference in the tests is not essential, viewed from the position of clerk, because a candidate who shows himself qualified to be a stenographer must of necessity show his qualifications to be clerk.

The converse of that proposition is, of course, not true. One shown qualified to hold the place of clerk cannot be transferred to the position of stenographer and private secretary, because then the difference in the tests for original entrance to the two positions becomes highly essential, and an examination for the position of clerk would not show the qualifications that a person in the position of stenographer must have.

The relator was not promoted from the position of stenographer and private secretary to that of clerk; he was rather reduced in rank. Section 16 of the Civil Service Law shows that promotions are made from a lower to a higher grade in the civil service, and are based upon superior qualifications of the person promoted. Under the rules of the commission those eligible for promotion must have served previously in a lower grade. The purpose in view always being to reward the person advanced for his previous excellence. That was not the object sought in transferring the relator from the position of stenographer and private secretary to that of clerk. The purpose was a mere rearrangement in the district attorney's office force without increasing the pay or rank of the person affected by the change. The Civil Service Law does not, nor do the rules, forbid such a simple rearrangement, and the relator, when he was appointed to the position of clerk, was not called upon to submit to a further examination.

In the written charges made against the relator, as a ground for his removal, the legality of his appointment was not questioned, nor was that a ground of removal mentioned by the defendant in his report to the civil service commission as required by law. Of course, in a case of this kind, where the relator is asserting his right to a position in the public service, he must show a legal title thereto. (*People ex rel. Hannan* v. *Board of Health of Troy*, 153 N. Y. 513.) But it is to be borne in mind that the relator's title to his place was not

assailed until he had been in fact deprived thereof for other reasons.

I recommend that the order appealed from be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Order reversed, etc.