(173 App. Div. 714)

### PEOPLE ex rel. RUDD v. CROPSEY, Dist. Atty.

(Supreme Court, Appellate Division, Second Department. June 16, 1916.)

MANDAMUS ⬤164(2)—RETURN—SUFFICIENCY.

In mandamus to compel reinstatement of discharged clerk in district attorney's office under the Civil Service Law (Consol. Laws, c. 7), a return that he was discharged because arrogant, disobliging, and unwilling to work, had made an untruthful statement, and was not in harmony with his superiors, was sufficient, particularly after long litigation, in which it was not demurred to, as allowed by Code Civ. Proc. § 2078, since the hearing before the department head was not a trial, and the charges preferred did not need to be as formal as indictment or complaint.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 345; Dec. Dig. ⬤164(2).]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Stephen A. Rudd, against James C. Cropsey, District Attorney. From an order dismissing an alternative writ of mandamus, and an order denying new trial, relator appeals. Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Robert H. Elder, of New York City (Otho S. Bowling, of New York City, on the brief), for appellant.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondent.

PUTNAM, J. The retrial of the issue raised by these mandamus proceedings (see 163 App. Div. 910, 147 N. Y. Supp. 1135; 215 N. Y. 451, 109 N. E. 550) resulted in a verdict against the relator. At the beginning, and again at the close, of the testimony on the last trial, relator's counsel moved to direct a verdict in his favor, on the ground that the charges upon which he had been removed were insufficient, and failed to comply with the Civil Service Laws. This was denied, and relator excepted. After more than two years' litigation, this was the first challenge to the form and sufficiency of the charges. In the course of his charge, the trial court told the jury:

"You are not to try the sufficiency of these charges. * * * The charges were substantial. The procedure was had in accordance with the Civil Service Law."

It is settled that the cause assigned for discharge of a civil service appointee must be some dereliction of duty, or something affecting his character and fitness for his position. The charges must be based on

grounds substantial, and should be specific in form. The District Attorney's charges may be thus summarized: Being arrogant, dictatorial, and disagreeable, both to those above relator, and toward his fellow employés. Disobliging, and unwilling to do the work required of him; in particular as to shorthand work, although so qualified. Making an untruthful statement to the district attorney regarding the 1913 budget. Not being in harmony with his superiors in office, thereby losing the confidence of his chief, the district attorney.

Our statutory remedy by mandamus provides for a demurrer to raise the legal sufficiency of the charges. Code of Civil Procedure, § 2078. When the return admitted the correctness of the charges as set out by relator, the failure to demur has been held to amount to an admission of the formal sufficiency of such charges. People ex rel. Hanrahan v. Board of Metropolitan Police, 26 N. Y. 316; People ex rel. Ryan v. Bingham, 114 App. Div. 170, 99 N. Y. Supp. 593; People v. Wiechers, 179 N. Y. 459, 72 N. E. 501, 1 Ann. Cas. 475.

Even if the relator had seasonably raised the question by demurrer, we are not prepared to hold the charges insufficient. The spirit of the Civil Service Law restricting appointments to an eligible list, yet gives the appointing power ample authority to remove for cause. 28 Cyc. 446. The district attorney was making charges, the truth of which was within his knowledge. If a clerk, arrogant, dictatorial, and offensive to his fellows, could not be removed for such insubordination, office efficiency would be destroyed. The hearing before the head of the department is not a trial, and the charges preferred need not be as formal as an indictment or a complaint. People ex rel. Flanagan v. Board Police Commissioners, 93 N. Y. 97.

I advise to affirm the orders, with $10 costs and disbursements. All concur.