NEVILLE M. ATKINSON, Plaintiff, *v.* MARK L. FLEMING, General Medical Superintendent of Bellevue Hospital, Defendant.

Supreme Court, New York County, May 21, 1927.

Civil service — appointment — petitioner was certified with one other person as being eligible for appointment to staff of Bellevue Hospital — other person declined appointment and superintendent failed to select petitioner — superintendent had right under Rules of Classified Civil Service, rule 8, subd. 3, to decline to appoint petitioner — petitioner was not discriminated against by reason of his color — mandamus denied.

This is an application for a peremptory order of mandamus to compel the superintendent of Bellevue Hospital to appoint petitioner to a position on the hospital staff. It appears that petitioner was certified with one other person as being eligible for appointment, and that on that person's declination of the appointment, the superintendent failed to appoint the petitioner. Under subdivision 3 of rule 8 of the Rules of the Classified Civil Service, the superintendent, having had but two names certified to him, had the right to select one, or, in his discretion, to refuse to appoint from the existing list; therefore, he had the right to decline to appoint the petitioner and mandamus will not issue to compel the appointment.

There is no basis for petitioner's claim that the failure to appoint him was due entirely to racial discrimination by reason of his being colored.

APPLICATION for a peremptory order of mandamus.

*Richard E. Carey*, for the plaintiff.

*George P. Nicholson, Corporation Counsel*, in opposition.

LEVY, J. Petitioner, by this application for a peremptory order of mandamus, seeks to compel the general medical superintendent of Bellevue Hospital in New York city to appoint him to the position of X-ray electrician. He alleges that his name was certified with that of one Henning, the two being the only persons remaining upon the eligible list. Henning declined the appointment, and petitioner claims that he is entitled to the situation as a matter

of right, and that the failure to appoint him has been due entirely to racial discrimination by reason of his being colored. In justice to the respondent, it must be said at the outset that there is no evidence of that fact, beyond the bare assertion of the petitioner. On the other hand, there is some proof that the latter was previously discharged from a position in the non-competitive class of the civil service by reason of insubordination, and that this fact constituted the determining element in his failure to secure the present appointment.

However this may be, he does not seem to be entitled to a peremptory order of mandamus. The officers having the power of appointment are by law apparently entitled to the latitude afforded by a choice of one from a list of at least three certified to them by the municipal civil service commission. (*People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32; *O'Reilly* v. *Lewis*, 105 Misc. 380.) Here, but two names, the only ones remaining on the list, were certified. Under this circumstance, the discretion of the appointing officer under rule VIII, subdivision 3, of the Rules for the Classified Civil Service, which under section 6 of the Civil Service Law of the State have the effect of law, became operative. This provides that: " Whenever the eligible list certified contains less than three names, the appointing officer in his discretion may make *a selection* for appointment from such list or proceed as provided in section four or section ten of this rule, subject, however, to the provisions of the constitution giving preference in appointment to veterans."

In so far as this subdivision is applicable to the facts in this case, it must be accepted to mean that the superintendent, upon certification of only two names, had the right to select one, or in his discretion to refuse to appoint from the existing list. He exercised such discretion by endeavoring to appoint one out of the two. When Henning declined, the opportunity to make a *selection* for appointment disappeared, because there was only one name to consider. To hold that the superintendent was compelled to choose the petitioner under the circumstances, would be " destructive of the principle of appointment lodged in the commissioner and would practically confer it on the examiners." (*People ex rel. Baldwin* v. *McAdoo*, 110 App. Div. 432.)

As there is no basis whatever for the complaint urged, the petitioner must be said to be supersensitive and his grievance largely imaginary. The application is denied, without costs.