In the Matter of the Application of GEORGE KAYMAN, Petitioner, for a Mandamus Order against JOHN N. HARMAN, as Clerk of the County of Kings, and Others, Respondents.

Supreme Court, Kings County, March 10, 1939.

*Hector McG. Curran* for the respondent John N. Harman.

*William C. Chanler, Corporation Counsel* [*Charles E. Hirsimaki* of counsel], for the respondents Kenneth Dayton and Almerindo Portfolio.

STEINBRINK, J. Petitioner is a clerk, grade 3, in the office of the clerk of the county of Kings. On September 16, 1936, the State Civil Service Commission ordered a promotion examination for all clerks in that grade. As a result of said examination petitioner's name was placed as No. 1 on the list promulgated. A vacancy having occurred in grade 4, the county clerk requested the Civil Service Commission to furnish him with a list of eligibles for promotion to the vacancy. On November 1, 1938, the Civil Service Commission certified as eligible for promotion the name of petitioner, one Harris and a third person. The county clerk selected the said Harris and appointed him as clerk, grade 4.

The gravamen of petitioner's grievance is that, in view of his numerical priority on the said list, he, rather than Harris, should have been given the promotion. The instant application is brought for the purposes of compelling the county clerk to remove said Harris from the position and to appoint petitioner thereto.

In *People ex rel. Plancon* v. *Prendergast* (219 N. Y. 252) it is stated (at p. 259) that " A county clerk takes as incident to his office such powers as are necessary for the proper performance of his official duties * * * and the power to appoint assistants involves the exercise of choice in respect to the appointees."

Except in so far as precluded by the rules of civil service, the county clerk is vested with a certain amount of discretion in the selection of his employees. In the exercise of such discretion he is permitted, pursuant to the rules of civil service, to select one of three persons certified by the commission. Subdivision 6 of rule XIV provides in part that " the commission shall certify from eligible lists for promotion in the same manner provided in subdivision 2 of rule VIII for certification for original appointment." Subdivision 2 of rule VIII of the State Civil Service Rules provide for the certification of the names of the three persons standing highest on such eligible list.

In *People ex rel. Rudd* v. *Cropsey* (215 N. Y. 451) the Court of Appeals has indicated by way of dictum that the promotion need not be made of the one highest on the list. The court there said: " ' The term " promotion " includes the appointment of any person in the service to another position in the same department * * * for original entrance to which there is required by the commission an examination involving essential tests different from or higher than those required for original entrance to the

position previously held by such person.' The rule further provides that where there are three or more persons eligible to any promotion, the commission shall hold a competitive examination and from those found qualified on such examination, the selection of the person appointed shall be made " (pp. 453, 454).

The fact that the petitioner stood highest upon the examination in question did not *ipso facto* entitle him, as a matter of right, to appointment in preference to the said Harris. (See *People ex rel. Baldwin* v. *McAdoo*, 110 App. Div. 432.)

The motion is denied.