## Neal v. Williams et al.

March 18, 1941.

754

Robert E. Hogan for appellant.

Hal O. Williams, Lawrence S. Poston, Carroll, McElwain & Ballantine and Lawrence S. Leopold for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

On the first appeal of this case, Neal v. Williams, 283 Ky. 165, 140 S. W. (2d) 813, we had before us the question as to whether Neal was entitled to have his name certified to the Director of Welfare of the City of Louisville by the Director of the Louisville Personnel Commission as a person eligible for the position of Superintendent of the Municipal Bureau of Social Service. An examination of that case will show that, at the time the Commission called for a new examination with the view of making up a new list, there remained on the list four of the original ten names, including the name of Neal. We held that Neal was entitled to have his name certified to the appointing authority. We were not impressed at that time, nor are we now impressed, with the contention that the original list automatically expired April 7, 1940, thereby

making Neal ineligible for the position. This litigation began before April 7, 1940. The circumstances shown in the original record and in this record are such that Neal is still entitled to have his name certified to and considered by the appointing authority. He can not be penalized by the arbitrary acts of the Commission.

On August 8, 1940, the Commission certified three names from the eligible list, including Neal's, to the appointing authority. One of those so certified withdrew her name. Thereupon the Commission certified the only remaining name on the original list. The two persons other than Neal withdrew their names from the list, thus leaving only his name before the appointing authority. That officer notified the Commission that he was rejecting Neal's name for the reason that it was the only one remaining on the eligible list and also that he was making an emergency appointment. Subsection (c) of Section 2863-4 of the Statutes Supplement 1939, provides that such a course may be pursued in the absence of an appropriate eligible list for any given position. Subsequently, the Commission petitioned the trial court for advice as to the course it should pursue under the circumstances. That court, notwithstanding its ruling that the Commission certify three names to the appointing authority from the original list, held that it was the duty of the Commission to conduct a new examination and to establish a new list for the position in question and to then certify names from that list to the appointing authority.

Neal is urging reversal upon several grounds; one of them being that he should have been appointed to the position for which his name was certified on August 8, 1940. Being of the opinion that he is wrong in this contention, we deem it unnecessary to discuss other questions raised, and therefore express no opinion upon them.

It is obvious from what has been said that the first case involved a question of certification by the Personnel Commission to the appointing authority, while this case involves the question of appointment by the latter authority. We are concerned primarily, therefore, with the rights and powers of the appointing officer once names are certified to him from an eligible list. We interpret Subsection (c) of Section 2863-4 of the Statutes as meaning that it is the duty of the Commission to

certify to the appointing authority the names of the three persons standing highest on the available list for a given position, and also that the appointing authority has a right, speaking generally, to make his selection from a list of three candidates. Circumstances may arise, in rare instances, where less than three persons may be found eligible for a given position, thus making it beyond the power of the Commission to certify as many as three names to the appointing officer; but that question need not concern us at this time, since the case before us presents no such situation.

We did not in the first opinion, and do not now, express any view as to whether all of the provisions of Rule IX adopted by the Commission are within the limits of the Commission's statutory authority to make rules. In commenting upon the part of that rule which permits the Commission to certify fewer than three names to the appointing authority, we said [283 Ky. 165, 140 S. W. (2d) 816]:

"* * * Accepting Rule IX on its face, the Commission could have certified the name of only one person to the Director of Welfare had there remained only the one name on the eligible list at the time the Director of Welfare made his request."

Nor are we impressed with the part of Rule IX which attempts to define the course to be pursued by the appointing officer when fewer than three names are certified to him. As we said in the first opinion, the powers and duties of the Commission do not extend into the field of appointment. That field lies within the peculiar province of the administrative officers to whom names are certified. The appointing authority is entitled to some latitude in making his selection from the names certified to him, and, as we interpret Subsection (c) of Section 2863-4, supra, he is entitled, in so far as this case is concerned, to make his selection from three candidates. Therefore, when there remained only the name of Neal before the appointing authority, that officer was justified in declining to appoint him and in taking the position that there existed no appropriate list. We see no objection to the course he pursued in making an emergency appointment. We think also that the action of the trial court in directing that another examination be held with the view of preparing a new eligible list was proper.

What then of Neal? It is our view, under the peculiar circumstances involved in this proceeding, that his name is still before the appointing authority. When the new list is prepared the Commission should certify to the appointing authority the names of the two persons standing highest on that list. These persons, together with Neal, should be considered by the appointing authority when he makes a permanent appointment to the position of Superintendent of the Municipal Bureau of Social Service. If Neal should not be selected for the position, he will no longer be on the eligible list therefor unless he qualifies again. The views expressed herein, in so far as the right of the appointing officer to make a choice from a list of three candidates, appear to be in harmony with the rulings in the cases of O'Reilly v. Lewis, 1918, 105 Misc. 380, 173 N. Y. S. 214, and Atkinson v. Fleming, 1927, 129 Misc. 663, 222 N. Y. S. 415.

Our conclusion on the whole case is consistent with the judgment of the trial court, as we interpret it.

Wherefore, the judgment is affirmed.