THE PEOPLE OF THE STATE OF NEW YORK ex rel.
GEORGE E. PLANCON, Respondent, v. WILLIAM A.
PRENDERGAST, as Comptroller of the City of New
York, Appellant.

County clerks — such clerks are county officers except when
they perform state functions — county of New York — clerk of
that county restricted in appointment of subordinates by
amount appropriated for that purpose by board of estimate and
apportionment pursuant to New York charter (§ 226).

1. The county clerk in all his administrative duties is a local offi-
cer elected by the electors of the county and paid by taxes collected
from the people included in the territory comprising the county.
It is only when he performs state functions that he is to be treated
as a state officer.

2. While the selection and appointment by the county clerk of
his subordinates is an incident to his office of which he cannot be
deprived, he may be reasonably controlled therein so far as the
number of his subordinates is concerned and in the amount to be
expended therefor, and the board of estimate and apportionment
of the city of New York may in good faith refuse to make an appro-
priation for unnecessary employees.

3. Under the charter of the city of New York (L. 1901, ch. 466,
§ 226) the board of estimate and apportionment must make an
annual budget of appropriations for the various departments and
for the counties within the city, with details as to the terms and
conditions under which they may be expended. When a budget
prepared and adopted by that board contained a resolution that
vacancies occurring in the clerical force of any department should
not be filled except on obtaining from said board a certificate that
the position was required, and the budget and resolution were
adopted by the board of aldermen, such action became binding on
the county clerk. Hence, when a vacancy occurring in the clerical
force of the county clerk was filled by him without obtaining such
a certificate, the comptroller should not be required to audit and
allow the payroll as to such position.

*People ex rel. Plancon* v. *Prendergast*, 173 App. Div. 618, reversed.

(Argued October 3, 1916; decided November 21, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered

July 10, 1916, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus.

The budget for the city of New York for the year 1916 was duly submitted by the board of estimate and apportionment to the board of aldermen and duly adopted by the board of aldermen. It contained an item of $161,067.85 under the heading "New York County.— Administration.— County Clerk," for the expenses of the office of the clerk of the county of New York, and that item was subdivided and as so subdivided contained, among other items, the following: "General clerk, 30 at $1,200,— $36,000.00," and "General clerk, 4 at $1,000,— $4,000.00."

At that time the relator held one of the said general clerkships at $1,000, and one Cunningham, a general clerkship at $1,200. Each continued to hold his position until February, 1916, when Cunningham resigned, and the relator was promoted by the county clerk, with the approval of the state civil service commission, to the position made vacant by the resignation of Cunningham, to take effect at noon March 16, 1916.

The payroll for the county clerk's office for the last half of the month of March, 1916, was prepared and certified, and as so certified contained the name of the relator as a general clerk at a salary of $1,200 per year. Such payroll approved by the state civil service commission was transmitted to the comptroller of the city of New York for certification and audit as required by the city charter.

The comptroller refused to audit the payroll so far as it affected the relator, because, as alleged by him, the position made vacant by the respondent Cunningham could not be filled until duly authorized by the board of estimate and apportionment.

This proceeding was then commenced to require the comptroller to audit said payroll. Further facts appear in the opinion.

*Lamar Hardy, Corporation Counsel* (*E. Crosby Kin-dleberger, Terence Farley* and *Elliot S. Benedict* of counsel), for appellant. The board of estimate not having been asked to make the proposed change of the relator's salary, the present mandamus proceeding is premature. (*Casey* v. *City of New York,* 217 N. Y. 192; *People ex rel. O'Brien* v. *Cruger,* 12 App. Div. 536; *People ex rel. McDonald* v. *Clausen,* 50 App. Div. 286; 163 N. Y. 523.) The board of estimate and apportionment has a right to economize by cutting appropriations for salaries during the year. (*Lazinsk* v. *City of New York,* 163 App. Div. 423; *People ex rel. Stokes* v. *Tully,* 108 App. Div. 345; *Matter of Griffin* v. *Williams,* 168 App. Div. 63; 216 N. Y. 651; *People ex rel. Kelly* v. *Dooley,* 169 App. Div. 423; *People ex rel. O'Loughlin* v. *Board of Estimate,* 167 App. Div. 76; 216 N. Y. 625; *Walters* v. *City of New York,* 190 N. Y. 375; *People ex rel. Hunt* v. *Prendergast,* 159 N. Y. Supp. 1138; *Buckbee* v. *Board of Education,* 115 App. Div. 366; 187 N. Y. 544; *Hogan* v. *Board of Education,* 200 N. Y. 370; *People ex rel. Sullivan* v. *Mayor,* 128 N. Y. Supp. 776; 142 App. Div. 908; *Hannibal Bridge Co.* v. *U. S.,* 221 U. S. 194; *People ex rel. Murphy* v. *Kelly,* 76 N. Y. 475.) The board of estimate having fixed the relator's salary at $1,000 no other salary could be paid him until the board of estimate fixed it at a different amount. (*People ex rel. O'Loughlin* v. *Board of Estimate,* 167 App. Div. 76; 216 N. Y. 625; *People ex rel. Trustees* v. *Town Auditors,* 126 N. Y. 528; *People ex rel. Kennedy* v. *Brady,* 166 N. Y. 64; *People ex rel. Peixotto* v. *Board of Education,* 212 N. Y. 463; *Clarke Co.* v. *Board of Education,* 156 App. Div. 842; 215 N. Y. 645.) There is no difference in the power of the board of estimate and apportionment over the salary of county as distinguished from city employees. (*People ex rel. Bacon* v. *Board of Supervisors,* 105 N. Y. 180; *People ex rel. Sullivan* v. *Mayor, etc.,* 128 N. Y. Supp. 776; 142 App. Div. 908; *People ex*

*rel. O'Loughlin* v. *Bd. of Estimate,* 167 N. Y. 76; 216 N. Y. 625; *People ex rel. Wogan* v. *Rafferty,* 208 N. Y. 451; *People ex rel. Sears* v. *Tobey,* 153 N. Y. 381; *Koch* v. *Mayor, etc.,* 152 N. Y. 72; *People ex rel. Werner* v. *Prendergast,* 206 N. Y. 405; *Matter of Markland* v. *Scully,* 203 N. Y. 158; *Wilcox* v. *Meahl,* 172 App. Div. 263.)

*James A. Donegan* for respondent.   The county clerk is a constitutional officer and was within his rights in promoting Plancon to a vacant position, without requesting permission so to do from the director of standards of the bureau of salaries and grades of the board of estimate and apportionment. (*People ex rel. Schneider* v. *Prendergast,* 94 Misc. Rep. 484; *People ex rel. Gardenier* v. *Supervisors,* 134 N. Y. 5; *McDonald* v. *City of New York,* 42 App. Div. 263; *People ex rel. Fuller* v. *Coler,* 24 Misc. Rep. 11; *People ex rel. McLennan* v. *Grout,* 38 Misc. Rep. 181.)   The adoption of the budget does not fix the salary of any individual. (*Lyons* v. *City of New York,* 82 App. Div. 306; 176 N. Y. 609.)   The county of New York is separate and distinct from the corporation of the city of New York and section 56 of the Greater New York charter does not apply to county officers or employees. (*People ex rel. Schneider* v. *Prendergast,* 94 Misc. Rep. 481; *Whitmore* v. *Mayor, etc.,* 67 N. Y. 21; *Taylor* v. *Mayor, etc.,* 67 N. Y. 93; *Stewart* v. *Mayor, etc.,* 15 App. Div. 350; *People ex rel. Gilchrist* v. *Murray,* 73 N. Y. 535; *People ex rel. Allen* v. *Metz,* 61 Misc. Rep. 363; *Collector* v. *Day,* 11 Wall. 113; *Friedman* v. *Sigel,* 10 Blatch. 327.)

CHASE, J.   It is the duty of the board of estimate and apportionment of the city of New York, to annually "Between the first day of October and the first day of November meet, and make a budget of the amounts estimated to be required to pay the expenses of conducting the public business of The City of New York, as consti-

tuted by this act [City Charter] and of the counties of New York, Kings, Queens and Richmond for the then next ensuing year. Such budget shall be prepared in such detail as to the titles of appropriations, the terms and conditions, not inconsistent with law, under which the same may be expended, the aggregate sum and the items thereof allowed to each department, bureau, office, board or commission, as the said board of estimate and apportionment shall deem advisable. In order to enable said board to make such budget, the presidents of the several boroughs, the heads of departments, bureaus, offices, boards and commissioners shall, not later than September tenth, send to the board of estimate and apportionment an estimate in writing, herein called a departmental estimate, of the amount of expenditure, specifying in detail the objects thereof, required in their respective departments, bureaus, offices, boards and commissions, including a statement of each of the salaries of their officers, clerks, employees and subordinates. Duplicates of these departmental estimates and statements shall be sent at the same time to the board of aldermen." (Greater N. Y. Charter [L. 1901, ch. 466], § 226.)

Provision is made in said section for a hearing upon said budget by the taxpayers and for its submission to the board of aldermen and its consideration by said board. The board of aldermen may reduce the amounts fixed by the board of estimate and apportionment except as the amounts are fixed by law, but may not increase said amounts "*or vary the terms and conditions thereof* nor insert any new items."

In July, 1915, the county clerk prepared and submitted his departmental estimate as required by law, to the board of estimate and apportionment. It appears that the board of estimate and apportionment before passing upon the estimate of the county clerk and others, made an investigation and found that certain departments of the city and county governments were "overmanned,"

and some of the estimates submitted were reduced and the amounts proposed for certain positions omitted.

The comptroller in his affidavit included in the record states: "In many of such instances, however, the board decided that it was fairer to the individuals performing such work, as well as to the heads of such offices or departments, not to reduce the number of such individuals by failing to make as large an appropriation in the budget for 1916 as had previously been made but to wait until one or more of such positions became vacant and then refuse to sanction the filling of the vacancy. In this way considerable hardship to individuals would be avoided."

The board of estimate and apportionment in approving the budget adopted resolutions from which we quote: "*Resolved* that this, the Budget of The City of New York, as hereby made in pursuance of section 226 of the Greater New York Charter shall be administered under the following terms and conditions, to be changed only by unanimous vote of all the members of the Board of Estimate and Apportionment unless otherwise specifically stipulated hereinafter. * * *

"*Second.* That no change shall be made by any Board or head of an office, bureau, or department of the City or County governments in the schedules of 'Salaries, Regular Employees;' 'Salaries, Temporary Employees;' 'Wages, Regular Employees;' 'Wages, Temporary Employees;' 'Fees and Commissions,' herein contained, except when authorized thereto by twelve (12) votes of the Board of Estimate and Apportionment, and that no requests for changes shall be considered except as follows: * * *

"(c) That vacancies existing on January 1, 1916, or occurring thereafter in schedules supporting appropriations in this budget for 'Salaries, Regular Employees,' * * * shall be filled only after certificate by duly

17

authorized representatives of the Board of Estimate and Apportionment;

"(1) That the position is required; .

"(2) That the title and compensation for such vacant position conform to the standard titles, works, specifications and compensation grades fixed by the Board of Estimate and Apportionment where there has been such fixation; or

"(3) In the event of there having been no such fixation by the Board of Estimate and Apportionment, that the title and compensation for such vacant position are apparently proper."

The budget so far as it related to the county clerk, containing the resolutions from which we have quoted, was adopted by the board of aldermen.

The county clerk did not make application for or obtain a certificate from the board of estimate and apportionment as required by said resolutions authorizing him to fill the place made vacant by the resignation of Cunningham, and it was for that reason that the comptroller refused to audit the payroll so far as the relator is concerned. The resolutions were ignored by the county clerk.

The county clerk in all his administrative duties is a local officer elected by the electors of the county and paid by taxes collected from the people included in the territory comprising the county. It is only when he performs state functions that he is to be treated as a state officer.

The municipal corporations known as counties within the territory comprising the city of New York were not consolidated with the municipal corporation known as the city of New York (Greater N. Y. Charter, § 1), but all of the property of every character and description whether of a public or private nature owned by the counties became vested in the city of New York and divested out of said counties. (Greater N. Y. Charter, § 8.)

All county charges and expenses and salaries of county

officers in said counties and each of them must be audited and paid by the department of finance out of the fund or appropriation applicable thereto. (Greater N. Y. Charter, § 1583.)

A county clerk takes as incident to his office such powers as are necessary for the proper performance of his official duties (*People ex rel. Gardenier* v. *Bd. Supervisors of Columbia Co.*, 134 N. Y. 1, 5), and the power to appoint assistants involves the exercise of choice in respect to the appointees. (*People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32.) It may be assumed for the purpose of this decision that the selection and appointment by the county clerk of his subordinates is an incident to his office of which he cannot be deprived, but it does not follow that he cannot be reasonably controlled therein so far as the number of his subordinates is concerned and in the amount to be expended therefor, the same as his power of selection can be reasonably controlled by the Civil Service Law.

He is by statute given authority to appoint assistants to aid him in the performance of his duties. (Laws of 1884, chap. 295, section 2, and § 1727 of the Consolidation Act, Laws of 1882, chap. 410.) His authority is, however, to some extent restricted by statute. The act of 1884 mentioned requires the county clerk annually to send to the board of estimate and apportionment an estimate "of each of the salaries of all the officers, clerks, employees and subordinates in the said office, excepting searchers," and the board of estimate and apportionment are therein required to consider the estimate and to provide "the amounts required to pay the expenses of conducting the public business of the said * * * county of New York," and the said board "have the same powers and shall perform the same duties with reference to such yearly estimates as it now has and performs with reference to similar yearly estimates submitted to it by the several departments of the city government, and by other

officers, persons and boards in said city." It is provided by said section of the Consolidation Act that "The said clerk shall have the power to appoint so many assistants to aid him in the performance of the duties of his office as he shall deem necessary for that purpose, *not exceeding the number now authorized by law, and which he shall, from time to time, be authorized to appoint by the board of aldermen, whose duty it shall be, from time to time, to prescribe the number of assistants that may be so appointed.*"

It is provided by section 56 of the Greater New York charter that the board of aldermen upon the recommendation of the board of estimate and apportionment shall "*fix the salary of every officer or person whose compensation is paid out of the city treasury.*"

By section 230 of the Greater New York charter it is provided that the board of estimate and apportionment shall, in addition to such other amounts as it may in its discretion provide for public purposes in the city of New York and the several counties wholly contained within its territorial limits, annually include in its final estimate "such sum as may be necessary to pay the salaries of county officers within the counties of New York, Kings, Queens and Richmond, and likewise all other expenses within said counties and each of them which are county as distinguished from city charges and expenses."

The courts have frequently recognized the authority of the city government to control appropriations for and expenditures of money by the county officers within the territory of the city of New York.

In *People ex rel. O'Loughlin* v. *Board of Estimate, etc., of N. Y.* (167 App. Div. 76) the relator obtained a peremptory writ of mandamus to compel a transfer of an unexpended balance of a sum appropriated for the payment of employees to pay certain persons for services performed in the register's office of the county of Kings by direction of the register. It was held in substance that the register

did not have authority to employ the relator, and the order for the writ was reversed and the application denied. The order of the Appellate Division was unanimously affirmed in this court. (*People ex rel. O'Loughlin* v. *Board of Estimate, etc., of N. Y.*, 216 N. Y. 625.)

It was in that case necessarily held that the limitation on the register's power to employ assistants in his office was not an unlawful interference with the duties of a constitutional officer.

In *People ex rel. Bacon* v. *Board of Supervisors, Kings County* (105 N. Y. 180, 184) the question involved was the salary of the chief clerk of the district attorney of Kings county, and the court, referring to a resolution of the board of supervisors of the county, say that it "plainly indicated an intention on its part to reduce the salaries to be paid in the district attorney's office to an aggregate amount which would be within the sum provided for in the tax budget, and that it was within their power to do so, as they had full authority, to regulate the salaries of the persons thereafter to be employed in that office, and that authority was thus impliedly given to the incoming district attorney to make such arrangements with the subordinates to be appointed by him, in the way of scaling down their salaries, as would bring the aggregate within the sum to be raised by taxation." The claim of the relator was not sustained.

In *People ex rel. Sullivan* v. *Mayor, etc., of N. Y.* (128 N. Y. Supp. 776), the relator sought to have his salary as clerk in the office of the clerk of Richmond county fixed as claimed by him and not in accordance with the annual budget of appropriations of the board of estimate and apportionment. The application was denied and the court say: "The board of estimate and apportionment under section 226 of the charter (Laws 1901, ch. 466) has the power in making up the annual budget of appropriations (which includes allowances made to county officers within the limits of the city) to allow such

appropriations as would seem to said board advisable. The opposing affidavits show that, acting in their official capacity, they judged that two clerkships in addition to those already allowed in the budget of 1910 were all that were advisable."

In *People ex rel. Sinnott* v. *Gaynor* (142 App. Div. 908) the decision of the Special Term was affirmed upon the opinion in *People ex rel. Sullivan* v. *Mayor, etc., of N. Y. (supra)*.

The board of estimate and apportionment may in good faith refuse to make an appropriation for unnecessary employees. (*People ex rel. Sullivan* v. *Mayor, etc., of N. Y., supra; Matter of Griffin* v. *Williams,* 168 App. Div. 63; appeal dismissed, 216 N. Y. 651; *People ex rel. Kelly* v. *Dooley,* 169 App. Div. 423.)

The power of the board of estimate and apportionment has been held to be continuous. (*Buckbee* v. *Board of Education, N. Y.,* 115 App. Div. 366; affd. on opinion below, 187 N. Y. 544.)

As we have already seen, section 226 of the Greater New York charter expressly provides that the "budget shall be prepared in such detail as to the titles of appropriations, the *terms and conditions, not inconsistent with law, under which the same may be expended* * * * as the said board of estimate and apportionment *shall deem advisable.*" The resolutions were expressly made pursuant to the authority so given in said section 226. The appropriation of $36,000 for the salary of thirty clerks at $1,200 each was included in the budget and appropriated upon the terms and conditions authorized by the charter that the same should not be expended in case of vacancies existing on January 1, 1916, or occurring thereafter so far as it relates to the positions so becoming vacant were concerned unless authorized by a certificate of the board of estimate and apportionment. That provision of the resolution did not take the power of selecting and appointing subordinates from the county clerk, but

was a reasonable restriction upon such power of selection and appointment. The certificate required related only to the necessity for filling the position as stated in the resolution. It is not required to determine the fitness of a candidate for promotion or appointment.

We think, therefore, that the comptroller should not be required to audit and certify the payroll under consideration so far as it affects the relator as a clerk at $1,200 a year.

The order should be reversed and the application for mandamus denied, with costs in all courts.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order reversed, etc.