By chapter 776 of the Laws of 1913, the register of the county of Kings was empowered to appoint and at pleasure remove one chief searcher and examiner at a salary not to exceed $3,000, and two assistant *Page 380 
examiners at $2,000 each; also one notarial clerk at a salary not to exceed $2,000, and two assistant notarial clerks at a salary not to exceed $1,500 each. In June, 1913, the relator, the register of Kings county, requested the board of estimate and apportionment to appropriate $6,000 for salaries for these positions from July to December, 1913. The comptroller reported to the board that in his opinion the positions were unnecessary, and the appropriation was refused. In September, 1913, the relator made a like request for the year 1914, and it was again refused. In October, 1914, he made a like request for the year 1915, and again it was refused. In the meantime, on September 15, 1914, he appointed one Charles H. Wilson chief searcher and examiner. Wilson served till January 29, 1915, when he resigned because there was no money to pay him. The writ of mandamus granted below requires an appropriation for salaries for the year 1915, and an appropriation for Wilson's salary during the four and one-half months of his service in 1914.
We think the mandamus was properly granted.
(1) The appellants insist that the positions were unnecessary and that the appropriation involves a waste of moneys. The positions were, however, expressly authorized by statute. The power to determine whether they should be filled was lodged with the register and not with the board of estimate. There is no charge that the register has been guilty of fraud or corruption. There is merely a statement that he has made a mistake and that the office could be run with the existing force. Even in a taxpayer's action such averments would be inadequate (Talcott
v. City of Buffalo, 125 N.Y. 280; Ziegler v. Chapin,126 N.Y. 342). Courts are not to substitute their judgment for the judgment of the register. For like reasons they are not to substitute the judgment of the board of estimate. The duty of the board is to appropriate the money necessary to provide for salaries fixed by law. It has no general power of visitation. If abuses *Page 381 
develop, they must be corrected through other agencies. We did not hold to the contrary in People ex rel. Plancon v.Prendergast (219 N.Y. 252). Nothing in the law made it mandatory on the board of estimate to appropriate the salary which was in controversy there (L. 1884, ch. 295). The number of subordinates was not prescribed. Their compensation was not prescribed. The rule applicable to such a situation has no pertinency here. Here the positions are established by law; the salaries are fixed by law; the register has made the appointments; and upon the record before us the duty of the board is absolute.
(2) The point is made that the amount of the required appropriation is excessive. We are told that the board of estimate may not be compelled to appropriate salaries at the maximum rate, but may fix a lower rate. We do not share that view. The statute says that the register may appoint and at pleasure remove an examiner, a notarial clerk and two assistant notarial clerks at salaries not to exceed prescribed amounts. The plain implication is that the register who is to appoint them is also to fix their pay. It is true that under section 56 of the charter (Greater New York Charter, L. 1901, ch. 466, § 56, as amended by L. 1902, ch. 435) the board of aldermen on the recommendation of the board of estimate and apportionment is to fix the salaries of all persons (with enumerated exceptions) whose compensation is paid out of the city treasury. That provision does not apply, however, where the power to prescribe salaries is otherwise prescribed by law. The special statute then becomes an exception to the general one (Wormser v. Brown,149 N.Y. 163, 170). We find such a special statute in the act of 1913 (L. 1913, ch. 776). The board of estimate and apportionment has, therefore, no discretion. Its duty is to appropriate the necessary moneys (Greater New York Charter, § 230, subd. 6.)
(3) The point is made that the appropriation should be *Page 382 
restricted to the amount of future salaries, and ought not to include the salary payable to Wilson for services already rendered. It is said that Wilson's appointment was illegal because the charter forbids an officer from incurring any expense unless an appropriation covering it shall previously have been made (Greater New York Charter, §§ 1541, 1542). But a distinction must be noted between appropriations which are mandatory and those which are discretionary. This appropriation, as we have seen, is of the former class. Whether Wilson could maintain an action for salary in advance of an appropriation, even though it be mandatory, we do not now decide (Davidson v. Village ofWhite Plains, 197 N.Y. 266). That is not the case before us. The appointee is not suing for salary; the officer who appointed him is asking for an appropriation which will make provision for the salary. The board of estimate was requested in 1913 and again in 1914 to make this appropriation. It refused to do so. Its refusal was unlawful, and it has remained charged with the continuing duty of complying with the demand. The mandamus compels the performance of a duty which ought to have been fulfilled before. Its effect is to make the appropriation, and thereby supply the fund from which payment may be obtained. The appropriation, being made, relates back to the time when it ought to have been made.
The order should be affirmed with costs.
WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and POUND, JJ., concur.
Order affirmed. *Page 383