In the Matter of the Application of RICHARD DALY, Petitioner, Respondent, for an Order against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, and Others, Appellants.

In the Matter of the Application of ALBERT A. STAUDT, Petitioner, Respondent, for an Order against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, and Others, Appellants.

First Department, December 23, 1938.

*William S. Gaud, Jr.,* of counsel [*William C. Chanler, Corporation Counsel,* attorney], for the appellants.

*L. W. Widdecombe* of counsel [*L. W. & A. B. Widdecombe,* attorneys], for the respondents.

Dore, J.   These two appeals, one involving the appointment of a law assistant, the other the appointment of a confidential investigator, in the Surrogate's Court of Richmond county, must be considered and decided together.

The New York city budget for 1938 contained an appropriation for both positions, $4,500 for the law assistant and $2,500 for the confidential investigator.   The position of law assistant became vacant on November 17, 1937, by reason of the death of the then incumbent and had not been filled on January 1, 1938.   The position of confidential investigator also was vacant on January 1, 1938.   The surrogate, after that date, at first applied to the director of the budget for permission to fill the vacancies, but later withdrew the applications and appointed the petitioners to the respective positions, though no certificate had been obtained from the director of the budget. Later, the board of estimate by a resolution purported to abolish the positions and by further resolution transferred the appropriations to another code line.

In both cases the Special Term held that the board of estimate had no power to declare vacant the positions already filled by the surrogate.

Appellants contend that the petitioners were never validly appointed for the reason that the appointments were made in violation of the terms and conditions of the budget for 1938 and, in any event, even if validly appointed, that the positions were abolished by the board of estimate pursuant to section 68 of the new charter.

The Surrogates' Courts of New York, Kings and Queens counties are vested by statute with the sole power to determine the number and compensation of their clerks. (Surr. Ct. Act, § 22; Laws of 1911, chap. 775.) Construing the statute with regard to the Surrogates' Courts of the counties of Kings and Queens, the Court of Appeals recently held that the Legislature conferred upon such surrogates plenary and independent power to fix the compensation of their employees, and that neither the board of estimate nor the Supreme Court may substitute its discretion for the discretion by law vested in such surrogates. (*Matter of Wingate* v. *McGoldrick*, 279 N. Y. 246.)

But this is not true of all the clerks in the Surrogate's Court of Richmond county. Section 21 of the Surrogate's Court Act vests in the surrogate of Richmond county the power to appoint a clerk and a deputy clerk, but beyond that the section only provides that such surrogate may appoint " as many other clerks * * * to be paid by the county, as * * * the board of aldermen, authorize him so to appoint."

The 1938 budget was prepared pursuant to the terms of the old charter, and in such preparation the board of aldermen acted as part of the budget-making authority. Respondents contend that since that budget provided for the positions in question and the salaries therefor, such provision was an authorization by the board of aldermen for the surrogate to appoint; that he has done so pursuant to such authorization; and accordingly the appointments are in all respects valid.

Among the terms and conditions of the 1938 budget adopted in 1937 by the board of aldermen as one of the then statutory agencies for budget-making, there were provisions relating to the manner of filling vacancies which existed on January first, or might occur thereafter. These provisions provided in effect that the department head should make written application to the director of the budget for permission to fill the vacancy, giving a description of the duties performed by the former incumbent and the reason why the duties could not be distributed among other employees; and that the director of the budget should investigate the application, and based on his findings either grant or deny the same in writing.

Pursuant to this budgetary requirement, the surrogate in both these cases concededly did originally make such written application which he later withdrew. Even assuming that the director of the budget had no discretion to refuse such an application (once the position and the salary had been authorized in the budget), nevertheless, the application was withdrawn and the appointments

made without conforming to the terms of the 1938 budget as to filling vacancies. Analogous provisions of prior budgets requiring similar certificates before the filling of vacancies have been sustained as not unreasonable restrictions upon the power of selection and appointment. (*People ex rel. Plancon* v. *Prendergast*, 219 N. Y. 252; *Matter of Dobrovolny* v. *Prendergast*, Id. 280.) In those cases the certificate required was a certificate of the board of estimate.

For the reasons stated we conclude that the petitioners were never validly appointed. In view of this conclusion, it is unnecessary to pass upon the other points raised since if petitioners were not validly appointed they are in no position to contest the purported abolition of the office in question. In each case the order appealed from should be reversed, with twenty dollars costs and disbursements, and the petition dismissed.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

In Daly case: Order unanimously reversed, with twenty dollars costs and disbursements, and the petition dismissed.

In Staudt case: Order unanimously reversed, with twenty dollars costs and disbursements, and the petition dismissed.