Dohald S. Taylor, J.
Petitioner, the Sheriff of Sullivan County, in a proceeding instituted pursuant to the mandamus provisions of article 78 of the Civil Practice Act seeks an order directing the respondent board of supervisors of that county *166 to reconvene and to revise its budget for the year 1958 to include therein an additional appropriation to be used for the payment of the salaries of regular deputy sheriffs whom he has appointed for the current year which exceed the amount of its original budgetary allotment for that purpose. The respondent has cross-moved to dismiss the petition for legal insufficiency and untimeliness and to strike therefrom certain of its allegations as irrelevant and unnecessary. The proceeding presents no factual issues.
The question to be determined centers in the construction of subdivision 2 of section 652 of the County Law as presently constituted. This subdivision had its origin in the Revised Statutes of New York, part I (ch. 12, tit. 2, § 73). As pertinent here it then read: ‘ ‘ Every sheriff may appoint such and so many deputies as he may think proper ’ ’. By section 182 of chapter 686 of the Laws of 1892 it was amended as follows: “ Such sheriff may appoint such and so many deputies as he may deem proper, not exceeding one for every three thousand inhabitants of the county ”. These provisions were re-enacted in identical verbiage in the County Law of 1909. (L. 1909, ch. 16.) By article 17 of chapter .691 of Laws of 1950 a further amendment cast the pertinent part of the subdivision in its present form to read (§ 652, subd. 2): “ Within the limits of the appropriation, the sheriff may appoint as many regular deputy sheriffs as he may deem proper, but not exceeding one for every three thousand inhabitants of the county. The board of supervisors may, however, authorize the appointment of such additional regular deputy sheriffs as it may determine.”
Basically, the position of the petitioner is that the statute empowers him to appoint as many regular deputies sheriff as he may deem proper not exceeding one for every three thousand inhabitants of the county. His argument runs that its limiting words restrict only his right to appoint additional assistants whose salaries are not embraced within his original budgetary request. The respondent contends that his numerical appointive power is also restricted to the limits of its final appropriation for that purpose.
An elementary canon of construction requires that the phrase “ within the limits of the appropriation ” be read and construed with the clause “the sheriff may appoint as many regular deputy sheriffs as he may deem proper ”. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 97, 98.) The word “ appropriation ” patently relates to the budget as finally adopted by the board of supervisors (County Law, § 360) and not "to the initial estimate submitted to its budget officer by the agency *167 head. (§ 353.) It thus is clear that both the last amendment and the historical development of the subdivision reveal the Legislature’s intent to grant a board of supervisors additional discretionary power to control the number of regular deputies which a sheriff may appoint to his staff and to reserve to the board the right to authorize the appointment of such needed additional employees as it may determine. The interpretation suggested by the petitioner in effect would recast the section in its original form and would ignore its subsequent amendments. The petitioner’s statutory right to select the personnel of his staff within the limits of the board of supervisors’ ultimate appropriation remains unimpaired. In these circumstances, mandamus may not be granted. (Matter of Colonial Beacon Oil Co., v. Finn, 245 App. Div. 459, affd. 270 N. Y. 591.) The authorities relied on by the petitioner concerned situations where the appropriating agency had the mandatory duty to provide the necessary moneys to pay the salaries in controversy. (See, e.g., People ex rel. O’Laughlin v. Prendergast, 219 N. Y. 377; cf. People ex rel. Plancon v. Prendergast, 219 N. Y. 252; County Law, §§ 358, 360.) Such is not the case here. Accordingly, the application is denied and the petition dismissed on the merits, without costs.
The reached conclusion renders unnecessary a determination of the cross motion.
Settle order on notice of three days.