HON. GEORGE C. TEALL County Attorney, Livingston County
This is in response to a request made by you, pursuant to an inquiry from the District Attorney of Livingston County, Raymond L. Sciarrino, for the opinion of the Attorney General concerning the following matter.
You state that the District Attorney has indicated a need for additional full-time or part-time employees so as to enable him to properly perform his official duties, but the Livingston County Board of Supervisors refuses to hire any additional personnel. The District Attorney indicated to me, in a telephone conversation I had with him following the receipt of your letter, that the additional employees he wishes to hire would become members of his permanent staff, as either assistant district attorneys or law clerks or secretarial clerks. You therefore inquire whether the District Attorney is authorized to hire such additional employees himself without the approval of the Board of Supervisors, by contending that this is a "necessarily incurred" expense and therefore a proper county charge under section 203 of the County Law.
The office of district attorney is provided for by the New York State Constitution (Art. XIII, § 13). The district attorney must conduct all prosecutions for crimes and offenses cognizable by the courts of the county in which he serves. Section 702 of the County Law provides, in pertinent part, as follows:
 "1. The board of supervisors shall have power to authorize the district attorney to appoint one or more assistant district attorneys. * * *"
Section 204 of the County Law provides, in pertinent part, as follows:
 "In addition to those positions of employment specifically provided by law, the board of supervisors shall have power to establish positions of employment and may abolish the same. The establishment and abolition of such positions may be by local law, by resolution or by the adoption of the budget. * * *
 "Except as otherwise provided by law, all offices paid from county funds and all boards or commissions, by whatever title known, shall appoint or employ all subordinates and employees in their respective offices and departments." (Emphasis supplied.)
The above-cited provisions demonstrate that the board of supervisors in a county has the authority to establish
positions of employment within the office of the district attorney, whether the position be that of an assistant to the district attorney or that of a clerk or stenographer. The actual appointment of persons to fill these positions, however, rests with the district attorney. (See 1974 Atty. Gen. [Inf.] 129.)
In Matter of Ratner v. Michaels (12 Misc.2d 165 [Sup. Ct., Sullivan Co., 1958]), the petitioner, a county sheriff, sought to compel the respondent board of supervisors to revise its yearly budget to include therein an additional appropriation for the payment of the salaries of regular deputy sheriffs he had appointed for that year which exceeded the amount of the original budgetary allotment for that purpose. The petitioner based his contention on section 652(2) of the County Law, which states, in part, that:
 "2. Within the limits of the appropriation, the sheriff may appoint as many regular deputy sheriffs as he may deem proper, but not exceeding one for every three thousand inhabitants of the county. The board of supervisors may, however, authorize the appointment of such additional regular deputy sheriffs as it may determine. * * *" (Emphasis supplied.)
The Court held, however, (p. 167) that it was "* * * the Legislature's intent to grant a board of supervisors additional discretionary power to control the number of regular deputies which a sheriff may appoint to his staff and to reserve to theboard the right to authorize the appointment of such neededadditional employees as it may determine. * * *" (Emphasis supplied.)
The language of section 652, making the appointment of additional deputy sheriffs subject to the budgetary restrictions of the board of supervisors, is similar to the language of section 702 wherein the appointment of assistant district attorneys is also subject to the authorization of the board of supervisors. Thus the holding in Ratner is applicable to your inquiry.
The Court of Appeals, in People ex rel. Plancon v.Prendergast (219 N.Y. 252) stated, with respect to the constitutionally created office of county clerk, that:
 "A county clerk takes as incident to his office such powers as are necessary for the proper performance of his official duties (People ex rel. Gardenier v. Bd. Supervisors of Columbia Co., 134 N.Y. 1, 5), and the power to appoint assistants involves the exercise of choice in respect to the appointees. (People ex rel. Balcom v. Mosher, 163 N.Y. 32.) It may be assumed for the purpose of this decision that the selection and appointment by the county clerk of his subordinates is an incident to his office of which he cannot be deprived, but it does not follow that he cannot be reasonably controlled therein so far as the number of his subordinates is concerned and in the amount to be expended therefor,
the same as his power of selection can be reasonably controlled by the Civil Service Law." (Emphasis supplied.)
More recently, the Appellate Division (3rd Dept.), in Matter ofCurrier v. Honig, (50 A.D.2d 632 [1975]), overturned an order of the Family Court granting a county attorney's motion to require the county legislature to employ an assistant county attorney to handle certain family court matters. The Appellate Division found (p. 633):
 "* * * No statute provides that the Family Court or the County Attorney alone may appoint or direct the appointment and compensation of an Assistant County Attorney. Section 502 of the County Law empowers the board of supervisors to authorize the County Attorney to appoint an assistant. Furthermore, section 4.03 of the Rensselaer County Charter provides that the County Attorney may appoint such assistants as are authorized by the county Legislature. The Rensselaer County Legislature has refused to appropriate the required funds and authorize the desired appointment, and no court can compel the exercise of purely legislative power in a prescribed manner. * * *" (Emphasis supplied.)
The above case is directly applicable to your inquiry, since the portion of section 502 of the County Law which was cited by the court is nearly identical in content to the provisions of section 702 relating to the appointment of assistant district attorneys.
The above-cited cases indicate that a district attorney is not authorized to appoint an assistant district attorney or other office employee where the board of supervisors has not appropriated the funds necessary to compensate the employee. Further, section 203 of the County Law does not authorize such an appointment. Section 203 provides, in pertinent part:
 "The actual and necessary expenses of all officers and employees, other than supervisors, paid from county funds incurred in the performance of their official duties * * * shall be a county charge."
An examination of the cases decided under section 203 reveals that the section applies to expenses incurred by a county officer while engaging in a specific activity or function which constitutes a part of the officer's official duty. We do not feel, therefore, that section 203 can be construed to allow a district attorney to create positions of employment in his office without the authorization of the board of supervisors, since such an interpretation would be inconsistent with the portions of sections 204 and 702 of the County Law cited above, which vest that power in the board of supervisors.
When, however, a district attorney is conducting a specific investigation which he deems necessary for the proper performance of his duties; or when he is prosecuting a criminal charge, he is entitled to employ, for example, detectives, expert witnesses, investigators or interpreters to assist him, and the prior approval of the board of supervisors is not required under those circumstances. (See, e.g., People v. Niagara County, 170 App. Div. 334
[1915]; People v. Chenango County, 148 App. Div. 585
[1911]; People v. Herkimer County, 148 App. Div.. 392 [1911]; County Law, § 705.)
We conclude, therefore, that a district attorney may not establish positions of employment on his permanent office staff without the authorization of the county board of supervisors.