(17 Misc. Rep. 24)      In re PINNEY.

(Supreme Court, Special Term, Kings County. May, 1896.)

1. DISTRICT ATTORNEYS—EXPENSES INCURRED IN DISCHARGE OF DUTY.
   A claim by a district attorney for "car fares and other incidental expenses necessarily incurred by S., stenographer," and for "traveling and other expenses necessarily incurred in" a certain case, is not sufficiently definite to justify its allowance by the board of supervisors.

2. SAME—LIVING EXPENSES.
   Laws 1892, c. 686 (County Law) § 230, making "all expenses necessarily incurred by the district attorney" in the discharge of his duty a county charge, does not authorize an allowance to him for the expense of meals while in his county.

Application by George M. Pinney, Jr., for a peremptory writ of mandamus to compel the board of supervisors of Richmond county to audit a claim for moneys expended by him in performing the duties of his office as district attorney of Richmond county. Denied.

A. C. Thayer, for the motion.
J. J. Kenney, opposed.

GAYNOR, J. The petitioner, who is district attorney of Richmond county, presented to the board of supervisors of that county for audit a claim for moneys expended by him in performing the

duties of his office.　The board rejected several items, and the petitioner asks for a peremptory writ of mandamus to compel the board to audit and allow the same.　Section 230 of the county law (Laws 1892, c. 686) provides that "all expenses necessarily incurred by the district attorney in criminal actions or proceedings arising in his county" shall be a county charge.

The four items disallowed are as follows: .

Jan. 1 to date.　Car fares and other incidental expenses necessarily incurred by Mr. Jas. Seaton, stenographer.......................... $11 40
Jan. 20 to Mar. 26.　Traveling and other expenses necessarily incurred in People v. Thos. Grimes........................................ 25 61
Jan. 31 to Mar. 16.　Like expenses necessarily incurred in People v. Antoinette Pinte .............................................. 13 95
Jan. 1 to date.　Railroad, car, and stage fares and meals, and other incidental expenses necessarily incurred while engaged in business of office .................................................. 30 04

The board could not properly have allowed any of them.　They are too indefinite.　Claims against a county must be itemized before they may be audited.　Every item and detail must be so specifically stated that any one reading the account may be exactly informed of what it consists.　To illustrate by the item, "Railroad, car, and stage fares and meals, and other incidental expenses necessarily incurred while engaged in business of office;" who traveled, and where to, and what fare was paid, and what were the "other incidental expenses"?　"Incidentals," in the bills of public officials, have been known to include strange items, even wine and whisky and private dinners.　While it is entirely safe to believe that no bill presented by the district attorney of Richmond county could embrace like items, still the law requires that all items be separately stated. The district attorney is entitled to be allowed every item of expenditure which the board finds was necessarily incurred by him in criminal actions and proceedings arising in the county.　This statement of claim of the district attorney does not enable the board to say what items have been incurred, much less that any item was necessarily incurred in the public business.

If the meals and traveling expenses were expended by the district attorney within Richmond county in the performance of his duties, he cannot charge them to the county.　He is paid a salary, and has to pay for his meals and travel himself.　I do not understand that a salaried public officer is entitled, in addition, to traveling and living expenses, unless it is so provided by statute.　In the case of People v. Board of Sup'rs of Columbia Co., 134 N. Y. 1, 31 N. E. 322, the district attorney was held to be entitled to such expenses incurred in going to Canada to cause the arrest and extradition of a criminal who had fled from his county.　That decision rests upon the fact that the expenditure was an extraordinary one, outside of the county, which the district attorney was not bound to incur personally, and which was not, therefore, in contemplation of the statute covered by his salary.　The motion is denied.

Motion denied.