(Supreme Court, Appellate Division, Fourth Department.   December 29, 1911.)

1. COUNTIES (§ 139*)—LIABILITIES—AUTHORITY OF DISTRICT ATTORNEY—"NECESSARY EXPENSES."

County Law (Consol. Laws 1909, c. 11) § 240, subd. 1, provides that the expenses necessarily incurred by the district attorney in criminal actions or proceedings arising in his own county are a county charge. *Held* to invest a district attorney with much discretion in determining what expenses are necessary; the term "necessary expenses" being a flexible one, to be applied in the district attorney's discretion, depending on the circumstances of each particular case.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 203–207; Dec. Dig. § 139.*

For other definitions, see Words and Phrases, vol. 5, pp. 4715, 4716.]

2. COUNTIES (§ 139*)—LIABILITIES—CRIMINAL PROCEEDINGS—EXPENSES—DISTRICT ATTORNEY.

Complaints having been made that a state road contractor was defrauding the public, the district attorney deemed an investigation necessary, and employed relator, a civil engineer, to investigate, and on his report the district attorney lodged an information charging the contractor with grand larceny.   After an extended examination, the magistrate held the contractor to the grand jury, when a writ of habeas corpus was granted by the county judge, and a hearing had, at which contractor was discharged and the district attorney reprimanded for instituting the proceedings, the propriety of which reprimand was challenged on the ground that the judge was counsel for the contractor in other actions. There was no claim but that the relator's employment was in good faith. *Held*, that the district attorney had authority to incur the expense of relator's employment as a necessary expense in criminal actions or proceedings authorized·by County Law (Consol. Laws 1909, c. 11) § 240, subd. 1, and that the board of supervisors was bound to allow relator's claim for services to the extent of the reasonable value thereof.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 139.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Certiorari by the People, on relation of John B. Koetteritz, against the Board of Supervisors of Herkimer County, to review the action of the Board of Supervisors and to allow or reject a claim of petitioner for services rendered under directions of the county attorney. Judgment for relator.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

C. E. Snyder, for relator.

Charles Bell, for respondent.

SPRING, J. The petition and return raise no controversy over the material facts to be considered.

In the year 1909 several pieces of state and county road in the county of Herkimer were in process of construction in pursuance of contracts with the state engineer, and among others a strip of the Herkimer-Middleville Road by one Daniel F. Strobel. Complaints were made by substantial citizens of the county to the district attorney that the contractors were not performing their contracts and were defrauding the public, and he deemed it wise to make an investigation for the purpose of ascertaining if there was foundation for the complaint that a crime had been committed.

The relator, an engineer residing in the county, was employed by the district attorney to investigate the performance of these contracts and did so, among others the one with Strobel, and rendered his report to the district attorney. That officer in November, 1909, lodged an information with a justice of the peace of the county, charging Strobel with grand larceny, and an extended examination was had before the magistrate who held the defendant to await the action of the grand jury. Very promptly a writ of habeas corpus was granted by the county judge, returnable before himself, and a hearing was had and the defendant discharged. The county judge at the conclusion of the hearing delivered a caustic opinion reprimanding the district attorney, the propriety of which is challenged on the ground that the county judge was counsel for Strobel in other actions.

A verified statement of the account of the relator for expenses paid by him and for the value of the services rendered in pursuance of his employment by the district attorney, and supported by the affidavit of that officer, was presented to the board of supervisors of the county at its session in November, 1909. The account was referred to the proper committee, which, on December 17th, unanimously reported recommending the disallowance of the claim, with the marginal notation, "waiting for legal opinion." On the 21st of that month the chairman of the committee asked that the bill of the relator be audited at its full amount ($459.53). A motion was thereupon made and carried that the claim "be allowed in full provided Mr. Koetteritz add in the bill the name of the action in which this survey was made," and the board adjourned its session until the 29th. When it reconvened a motion was made and carried that the board reconsider·the action taken on the 21st on the account, and

the matter was left in that condition apparently without any definite determination of the claim. The relator was not advised of the rider attached to the resolution requiring him to state the action in which the survey was made.

At the next annual session of the board of supervisors in 1910, the account, duly itemized and with the approving affidavit of the district attorney, was again presented to it, and the opinion of the county judge was obtained at the instance of the board, in which, while stating that the district attorney had the authority "to employ reasonable and necessary means to secure evidence; and for that purpose to employ a surveyor to make maps or estimates to be used as evidence upon a trial," provided he acted in good faith, closed his opinion in this wise:

"If, however, you determine that the action of the district attorney and the claimant was not in good faith, and that these services were rendered not upon legitimate grounds, but for the purpose of making a claim against the county, or for some private reasons of the claimant and the district attorney, the bill should be disallowed."

There is nothing in the return impeaching the honesty and good faith of the district attorney in employing the relator to survey and investigate the work done by Strobel. The fact that Strobel was discharged by the county judge, was not indicted, or the charge against him even presented to the grand jury, is not important.

[1] "The expenses necessarily incurred by the district attorney in criminal actions or proceedings arising in his own county" are a county charge. Section 240, subd. 1, County Law (1 Consolidated Laws 1909, p. 825).

What are "necessary expenses" must inevitably depend upon circumstances, and it is a flexible term. The district attorney is invested with much lattitude and discretion in determining what expenses are necessary. In the performance of the responsibility with which he is charged in the prosecutions of crimes within his county, he is required to exercise his judgment as to the wisdom of employing experts and as to other expenses to be incurred in any given case. People ex rel. Gardenier v. Supervisors, 134 N. Y. 1, 31 N. E. 322; Tompkins v. Mayor, 14 App. Div. 536, 43 N. Y. Supp. 878.

As was said in the first case cited, at page 8 of 134 N. Y., at page 325 of 31 N. E.:

"The power well recognized of district attorneys is to incur the expense of special compensation necessary to employ the service of experts to prepare themselves by investigation, in cases requiring it, to testify as witnesses upon the trials of persons charged with crimes."

[2] Nor is there any imputation upon the good faith of the relator. He was employed by the district attorney and was not seeking a job, and in fact undertook the work reluctantly and only after being importuned to do so. The board made no request of him to explain any items contained in his claim, nor did it consider these items, but rejected the claim in gross.

The relator was entitled to receive compensation for what his services were reasonably worth and for what expenditures he properly

made or incurred in carrying out the work he was engaged to do. If any of the charges made or expenses incurred are exorbitant, they should be reduced or disallowed. That power is lodged with the board.

We think the writ should be sustained and the claim and account be remitted to the board of supervisors to audit the same pursuant to law, with $50 costs and disbursements to the relator.

So ordered. All concur.