least, by the very recent decision of the Appellate Division of the First Department in Shinnick v. Clover Farms Co., 169 App. Div. 236, 154 N. Y. Supp. 423.

In that case, the plaintiff's ear was partially bitten off by a vicious horse. He sued his employer, alleging a common-law liability on the ground of negligence. The defendant demurred, relying on the provisions of the Workmen's Compensation Law as a bar to the action. The schedule of injuries in that act for which compensation is to be made by the employer did not specify or include any compensation for injury to the ear. The court, however, held that in such a case the common-law right of action still remained, notwithstanding the language of the statute saying the liability created by the statute should be exclusive.

We are of the opinion, therefore, for the reasons stated, the demurrer should be sustained. So ordered, with costs of the demurrer to the plaintiff.

---

(170 App. Div. 334)

### PEOPLE ex rel. WATTS et al. v. BOARD OF SUP'RS OF NIAGARA COUNTY.

(Supreme Court, Appellate Division, Fourth Department. December 1, 1915.)

DISTRICT AND PROSECUTING ATTORNEYS ☜7—EMPLOYMENT OF DETECTIVES— COUNTY CHARGE.

Under County Law (Consol. Laws, c. 11) § 202, providing that in counties having more than 65,000 inhabitants the district attorney may appoint detectives when authorized so to do by the board of supervisors, and section 240, specifying as county charges all expenses necessarily incurred by the district attorney in criminal actions or proceedings arising in his county, the district attorney of a county, the population of which exceeded 65,000, did not exceed his authority in employing detectives without authorization from the board of supervisors to procure evidence as to alleged disorderly houses, resulting in a number of convictions, and such detectives were entitled to reasonable recompense from the county for services rendered, and disbursements incurred by them, as a great deal of latitude is given to district attorneys in the matter of incurring expenses incident to their official acts.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. § 34; Dec. Dig. ☜7.]

Certiorari by the People, on relation of William H. Watts and another, against the Board of Supervisors of Niagara County. On hearing upon return of writ of certiorari allowed by Hon. John Woodward, a Justice of the Supreme Court, to review the action of the Board of Supervisors in disapproving bills of the relators presented to said board for services rendered as private detectives upon the employment of the district attorney of said county. Writ sustained, and accounts remitted to the Board to be audited.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

William R. Daniels, of Buffalo, for relators.
Albert R. Smith, of North Tonawanda, for respondent.

MERRELL, J.  The relators, copartners, are private detectives, engaged in the investigation of crime and in procuring evidence to be used upon criminal trials, and have an office in the city of Buffalo, N. Y.  In January, 1914, they were employed by the district attorney of Niagara county to conduct an investigation concerning certain disorderly houses thought to be running in the city of Niagara Falls in violation of law.  Pursuant to such employment the relators carried on an investigation of the alleged violations, and obtained and furnished the district attorney with evidence resulting in the indictment, prosecution, and conviction of a number of persons conducting such disorderly places.  For their services and disbursements under such employment the relators presented bills to the board of supervisors of said county, aggregating $290.65, besides interest.  Before presentation, said bills were duly approved and certified by the district attorney as necessary for his department.  The board of supervisors rejected and disapproved of said bills, and the same were disallowed, "for the reason that the district attorney had no authority under the laws of the state of New York to employ private detectives."  The sole question presented for our determination is as to whether the district attorney had authority to employ the relators without authorization by the board of supervisors of his county, and to charge the county with the expense thereof.

There is no express statutory authority for the employment generally of private detectives by district attorneys in the absence of authorization by the boards of supervisors.  Section 202 of the County Law, being chapter 16 of the Laws of 1909, provides that in counties having, according to the last preceding federal or state enumeration, more than 65,000 inhabitants, the district attorney may appoint detectives when authorized so to do by the board of supervisors of any such county.  Niagara county exceeds in population 65,000 but no authority was ever granted by the board of supervisors of said county to the district attorney to appoint detectives.  Such existing conditions were evidently responsible for the disallowance of relators' claims.  We are nevertheless of the opinion that the district attorney had ample authority to employ the relators, if he deemed their services necessary to an efficient discharge of his official duties.  A great deal of latitude is given a district attorney in the matter of incurring expenses incident to his official acts.  He is the prosecuting officer of his county, charged with the prosecution of offenders against the law.  Of necessity he must be invested with a large measure of discretion as to what expense he shall incur in conducting prosecutions.  By section 240 of the County Law "all expenses necessarily incurred by the district attorney in criminal actions or proceedings arising in his county" are made county charges.  We think, in the employment of the relators, the district attorney of Niagara county did not exceed his authority, and that the relators are entitled to reasonable recompense for services rendered and disbursements incurred.  People ex rel. Koetteritz v. Board of Supervisors of Herkimer County, 148 App. Div. 392, 132 N. Y. Supp. 808; People ex rel. Manley v. Board of Supervisors of

Chenango County, 148 App. Div. 584, 132 N. Y. Supp. 868; People ex rel. McLennan v. Grout, 38 Misc. Rep. 181, 77 N. Y. Supp. 321.

The case of People ex rel. Koetteritz v. Supervisors of Herkimer County, supra, passed through this court, and we do not think the decision there made distinguishable from the case at bar. In that case Koetteritz, the relator, who was a civil engineer, at the instance of the district attorney of Herkimer county, conducted investigations relative to the performance of a contract for the construction of a state and county road in Herkimer county, accusations of fraud having been made by substantial citizens against the contractor. The relator's bill for such services was rejected by the board of supervisors of Herkimer county. On return of a writ of certiorari to review the board's action the employment of the relator by the district attorney was approved and the relator's claim was remitted to the board of supervisors for audit. In deciding the matter in this court, Mr. Justice Spring, writing for a unanimous court, said:

"What are 'necessary expenses' must inevitably depend upon circumstances, and it is a flexible term. The district attorney is invested with much latitude and discretion in determining what expenses are necessary. In the performance of the responsibility with which he is charged in the prosecutions of crimes within his county, he is required to exercise his judgment as to the wisdom of employing experts and as to other expenses to be incurred in any given case. People ex rel. Gardenier v. Supervisors, 134 N. Y. 1 [31 N. E. 322]; Tompkins v. Mayor, 14 App. Div. 536 [43 N. Y. Supp. 878]."

We think the above case is controlling upon the question here. We do not hold that the board of supervisors is legally bound to allow any bill presented, and only decide that the district attorney of Niagara county was authorized to employ private detectives, if he deemed the services of such detectives necessary, and that bills incurred in such employment are a county charge, to be audited by the board of supervisors of such county. Some of the items of the bills presented may well be the subject of careful scrutiny by the board before allowance of the same. People ex rel. Hamilton v. Board of Supervisors of the County of Jefferson, 35 App. Div. 239, 54 N. Y. Supp. 782.

The writ should be sustained, and the accounts presented by the relators should be remitted to the board of supervisors, to be audited pursuant to law, and the relators should recover $50 costs and disbursements of this proceeding.

Writ of certiorari sustained, with $50 costs and disbursements to the relators, and the accounts presented by the relators remitted to the board of supervisors of Niagara county for audit pursuant to law. All concur.