## IN THE MATTER OF THE ACCOUNTS OF J. S. WARDELL AND JOSEPH HEAD, GOVERNMENT OFFICERS, FOR EXPENSES AS WITNESSES.

### January 13, 1916.

*Witnesses—Government officers—Expenses:* Under Rev. Stat. sec. 850, a government officer attending as a witness for the government at a place away from his office, may be allowed in a reasonable amount for expenses of steamer chair; but not for gratuities or tips to stewards and waiters, the latter not being a "necessary" expense within the statute.

*Approval of witnesses' expense accounts.*

*J. S. Wardell* and *Joseph Head,* claimants, *pro se.*

CLEMONS, J. The claimants, J. S. Wardell, surveyor of customs for the port of San Francisco, and Joseph Head, captain of customs inspectors for the same port, presented for allowance their accounts for attendance as witnesses in this court before the United States commissioner in the case of *United States v. E. P. Winter,* each claiming among other items the expense of rent of steamer chair on trip to Honolulu and return, $1 each way, and the expense of gratuities or tips to stewards and waiters, $6.50 each way, and Captain Head claiming the expense of tips to table waiters while here in Honolulu, $1.75, amounting in the aggregate in the case of Mr. Wardell to $15 and in the case of Captain Head to $16.75. The accounts were both approved except as to the items above mentioned, the propriety of which was taken under advisement.

On the presentation of these accounts, I sought the advice of the Comptroller of the Treasury, to the end that I might, in the want of a very complete library on the subject in hand, be better able to arrive at a just conclusion. My inquiry was in part as follows:

"A question has arisen here with regard to an allowance of items of gratuities or tips to stewards, waiters, etc., in the accounts of traveling expenses of government officials attending court as witnesses.

"The policy of the Treasury Department, as appears from Treasury Decisions, No. 34583, Circular No. 31, Treasury Department, June 25, 1914, and the policy of the Department of Justice, as reflected in the Blue Book, [Instructions to U. S. Marshals, etc., Apr. 1, 1904], sections 661 and 1055, are adverse; and in order that I may determine the question after a full consideration of the rulings and authorities, I would be greatly obliged if you would let me know if there is any ruling as to such items in the accounts contemplated by Rev. Stat., sec. 850. Are these items 'necessary expenses' within said section?  Also, is the item 'use of steamer chair' on the trip from San Francisco to Honolulu a proper item in such an account, or otherwise, within any decisions or authorities known to you?"

To this the Comptroller replied, under date of September 22, 1915:

"Briefly stated, the rulings of this office are to the effect that gratuities such as are mentioned in your letter are not necessary items of travel expense unless expressly allowed as such by competent administrative regulation. It is well known, however, that such gratuities are, by common usage, expected of and paid by the traveling public generally, and administrative offices have, with few exceptions, made and promulgated regulations governing allowances in this respect.

"The Comptroller's office has acquiesced in this custom, and has allowed reasonable gratuities in accordance with the respective regulations, which vary in the different offices both as to character and amounts.

"It has been held by the Comptroller that actual expenses of witnesses who attend under section 850, Revised Statutes, are not governed by the regulations of the Department in which they are regularly employed, but are subject to the court's order.  (18 Comp. Dec. 992; *United States v. Sanborn,* 135 U. S. 271.)

"It is for the court to determine what gratuities, if any, shall be allowed in actual expense accounts of witnesses before it, and the court's order in the premises, either general or special, will be accepted by this office, as are the regulations of administrative offices."

A similar inquiry was made by me of the Attorney Gen-

eral, to which Assistant Attorney General William Wallace replied under date of October 4, referring me to the "decision of the Comptroller" above quoted. This reference to the Comptroller's views might seem to give them the sanction of the Department of Justice.

The Treasury Regulations referred to my letter, 27 T. D. 19-21, after quoting as authority statutes providing for allowance of "only actual travelling expenses" of officials absent on public business, "except marshals, district attorneys, and clerks of the courts of the United States and their deputies" (18 Stat. 452, and see 38 Stat., 318), proceed to sanction, among other items, "customary fees to stewards and others on steamers as follows: For an ocean trip of 10 days or less, not exceeding $10; . . . rent of steamer chair, not exceeding $2." Marshals, district attorneys, and clerks of court are excepted, supra, because the traveling expenses of those officials are specially provided for by other statutes giving a per diem allowance or mileage. See Rev. Stat., sec. 829, par. 6, Blue Book, sec. 589; 29 Stat., 191, sec. 8, Blue Book, sec. 1039, and especially sec. 1055; Rev. Stat. sec. 828, par. 18, Blue Book, sec. 1323.

And the following similar provisions are found in the United States Army Regulations:

"Actual expenses only will be paid to officers for sea travel when traveling under competent orders. . . . . "(4) . . . Amount of rent of steamer chair, not exceeding $1 for trips of two days or longer on each commercial steamer, and fees to cabin and other stewards not exceeding the following: . . . On the Pacific Ocean, 15 days or less, $1 a day" . . . (U. S. Army Reg., 1913, sec. 1280, am. C. A. R. No. 12, Sept. 15, 1914).

But the Blue Book of the Department of Justice, above referred to, provides that in the expenses of marshals and deputies while absent on official business "tips to waiters will not be allowed," sec. 661, and that in the expenses of travel and subsistence of United States District Attorneys "necessary porterage, not exceeding 25 cents a day, while

traveling by railroad will be allowed, but no allowance will be made for tips to waiters", sec. 1055.

My attention is called by Mr. Wardell to the Treasury regulations, above, which, it is urged, are of persuasive authority as the executive interpretation of similar provisions of statute to that here involved. See *Brown v. United States,* 113 U. S. 571; *Bell Tel. Co. v. Mutual Tel. Co.,* 5 Haw. 456, 460. And note, also, the Department of Justice's construction above adverted to, of the word "necessary", with reference to 29 Stat. 181, sec. 8. But it is to be noted, that these Treasury regulations are based on a statutory allowance of "actual" expenses, which are very different from the "necessary" expenses contemplated by Rev. Stat. sec. 850. Indeed the expression "actual and necessary" expenses is often seen, in which "necessary" is distinguished from "actual". See *Mombert v. Bannock County,* 75 Pac. 239, 241, 9 Idaho, 470. "Actual" seems to imply expenses incurred, or an expenditure made, as a matter of fact; and "necessary", to imply not only an actual incurrance or actual expenditure but an incurrence or expenditure that is inevitable, as well—i. e., "impossible to be dispensed with, without preventing the attainment of a desired result." Webster, New Internat. Dic., 1913, p. 1443, tit., "necessary". In other words, a thing may be actual but not necessary.

The common characterization of tips as "gratuities" indicates that they are voluntary and not "inevitable". See 19 Comp. Dec. 218, 219 (1912). But, of course, the word "necessary" is not to be taken too strictly, i. e., unreasonably. Taking the items of transportation, e. g.: a witness, while not allowed the expense of a bridal suite on a transPacific steamship, is not required to travel by a sailing vessel which might happen to be available at a lower rate of fare. That the expression "necessary expenses" is a flexible one, see *People v. Board of Supervisors,* 132 N. Y. Supp., 808, 810.

Though tipping may add to one's comfort, and may be allowed where "actual expenses" are authorized, the statutory provision "necessary expenses" does not, in my opinion, cover it. One may be sued by an ocean carrier for unpaid transportation, or by a hotel for meals, but not by a steward for making up his berth nor by a waiter for handing him his food,—there being no contractual relation whatever between the passenger or the hotel guest on the one hand and the steward or waiter on the other. Such examples seem a fair test of the necessity element here.

Considerations of policy are, of course, not to be regarded. The question is, what the statute says, and not whether it would not better tend to secure the presence of witnesses if the court were liberal. One cannot be liberal with the strict intent of this statute.

The steamer chair is fairly a necessary item of expense.

Accordingly, these accounts are disallowed except for the items of steamer chair, amounting to $2 in case of each claimant. It being apparent that claim was made in each case for steamer chair for the return trip to San Francisco, before the trip was entered upon, and that no receipt for prepayment is on file with the accounts, no order for payment will be made until such receipts, or affidavits of payment, with reasons for want of receipts, are filed herein.

-----

See Instructions to Marshals, etc., June 1, 1916, pars. 403, 409 (g), 670, 835, for new rules as to "tips."