THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DAVID R. WADE, Defendant.

New York City Magistrates' Court, Seventh District, Borough of Manhattan, February 19, 1926.*

Intoxicating liquors — courts of State and judges thereof bound to assist in enforcement of Eighteenth Amendment of United States Constitution and National Prohibition Act (41 U. S. Stat. at Large, 305) — violation of National Prohibition Act may be prosecuted in courts of this State in absence of State enforcement act — transportation, sale and public consumption of intoxicating liquors in public places within State is violation of Penal Law, § 722 — defendant openly served for sale intoxicating liquors at table and over bar in " Speak Easy " in city of New York — places in which law violated constitute public nuisances (Penal Law, §§ 1530, 1532) — evidence warrants conviction for disorderly conduct under Penal Law, § 722.

The courts of the several States and the judges thereof under article VI of the Constitution of the United States are bound, within the limits of the laws of a particular State, to assist in the enforcement of the Eighteenth Amendment of the United States Constitution and the National Prohibition Act (41 U. S. Stat. at Large, 305) and to punish a violation thereof.    Regardless of any enforcement act, a violation of the United States Constitution is a violation of law.

---

* See supplemental opinion, 126 Misc. 762.

An act charged in a State prosecution may also be a crime under a Federal statute and persons violating the Eighteenth Amendment of the United States Constitution and the National Prohibition Act, under certain circumstances, may be prosecuted in the courts of this State, notwithstanding the fact that the State of New York has no statute enforcing the Eighteenth Amendment.

The transportation of intoxicating liquors into public places or the public sale, dispensation or consumption thereof anywhere within the State constitutes an affront to the government of the United States and is annoying, disturbing and offensive to citizens generally and tends towards a breach of the peace within the meaning of section 722 of the Penal Law, and all persons who, by their acts or acquiescence participate in such conduct, are guilty of disorderly conduct under said section.

Places in which such practices are conducted " offend public decency " and are public nuisances, within the meaning of section 1530 of the Penal Law, and persons conducting or permitting the use of such places are guilty of maintaining a nuisance within the meaning of section 1532 of the Penal Law.

Accordingly, the defendant, who personally conducted a so-called " Speak Easy " in the city of New York in which there was openly sold and served at tables and over the bar beer, cocktails and whisky, the latter containing about eighty per cent of alcohol, is guilty of disorderly conduct under section 722 of the Penal Law.

PROSECUTION for disorderly conduct under section 722 of the Penal Law.

*Joab H. Banton* and *Louis K. Wasser*, for the People.

*Frank R. Galgano*, for the defendant.

GORDON, City Magistrate.    At about ten P. M. on January 22, 1926, two members of the New York city police force rang the bell of premises 44 West Fifty-fifth street, New York city.    The door was opened and they were admitted by the defendant into the ground floor.    The premises were a so-called " Speak Easy," a recent coinage denoting a place where intoxicants are sold.    The defendant was in charge.    Besides, there was another attendant. There were two rooms on this floor — the front for the service of patrons at tables, and the rear equipped with a bar over which whiskys, cocktails and beer were openly sold to and consumed by standing customers.    At the tables, besides the police officers, were about twelve persons, including women attended and unattended by men — some drinking, others merely smoking and idling and bent on mission other than refreshment.    Two of the latter solicited the policemen for unlawful purposes.    Their conduct, and that of the defendant in harboring them, is not here involved. On entering the premises the officers took a seat at one of the tables and ordered from and were served by the defendant with two drinks of Scotch whisky, and later two drinks more, for which the defendant collected two dollars and twenty cents.    " The defendant was walking up and down taking orders and serving

intoxicating liquor openly." The liquor contained about eighty per cent alcohol.

Do these facts establish the offense of disorderly conduct on the part of the defendant?

On January 16, 1919, the Eighteenth, so-called Prohibition Amendment, was added to the Constitution of the United States. It went into effect by its terms one year later, January 16, 1920. The Legislatures of three-fourths of the States, including New York, Pennsylvania, Ohio, Illinois, Massachusetts and New Jersey, had ratified it. Its constitutionality has been sustained by the Supreme Court of the United States. (See *Dillon* v. *Gloss*, 256 U. S. 368.)

Ours is a government by the people. Sovereignty is in them alone. They adopted their own Constitution, conferred certain powers on the United States, gave others to the States and reserved the rest themselves. The Constitution is thus the creature and will of the people themselves. We pride ourselves that we are bound by the will of the majority. It is written in our National Constitution that it can be amended only upon congressional or State legislative proposal, and ratification by the Legislatures of or conventions in three-fourths of all of the States; in that way have the people said that their organic law may be changed. The Eighteenth Amendment is thus the will of the people, expressed in precisely the way that they have decreed it. We have not in the past tolerated nullification, in particular sections or by special classes, of the will of the majority of the people thus expressed. In plain words, the Eighteenth Amendment prohibits the manufacture, sale or transportation of intoxicating liquors for beverage purposes, everywhere within the United States and territory subject to its jurisdiction. Its prohibition cannot be avoided save by further amendment. Intoxicating liquor is not defined. Possibly the rigor of the amendment may be lessened by its definition in relation to alcoholic content. That is subject to congressional enactment or possibly to State regulation upon congressional inaction or express delegation. At present it is fixed by Congress at one-half per cent alcohol. The amendment provides that Congress and the several States may concurrently enforce it. Neither may void it. This concurrent power was undoubtedly expressly granted, to remove question as to the power of certain of the States to continue prohibition policies, in force long before the amendment, because of the settled rule that Congress' power is exclusive when related to matters of national character or requiring uniform regulation.

The Constitution of the United States itself is, by its own terms,

the " supreme law of the land." The judges " in every State " are bound by it, " anything in the Constitution or laws of any State to the contrary notwithstanding." Judges, legislators and executives, State and Federal, must take oath to " support " it. (See U. S. Const. art. VI.) Congress has enacted an enforcement act, the National Prohibition Act (41 U. S. Stat. at Large, chap. 85, 305, as amd.). Its violations constitute crimes.

For reasons too patent to require statement, the United States Department of Justice and the United States courts find themselves unable to adequately cope with a situation of law ignorement brought about by this amendment. Its enforcement and that of the Volstead Act is feeble in many of the States, including the State of New York. The excuse is, that this amendment is an unwarranted invasion upon the private rights of our citizens and repellant to those concepts of liberty upon which our government is grounded. The amendment is branded unpopular. All classes, statesman, scholar, merchant and workman, have joined without cover or concealment in its violation.

The masses of our people cannot be expected to differentiate between those laws which may be ignored and those which must be obeyed. Traffic in the contraband has reached large proportion; the poor following the example, but without the means, of the rich, are cheated and served with what is more poison than intoxicant. At public banquets and in public places it is served without restraint and with apparent public approval. Following the precept of his elders, the youth carries it on the hip, consumes it himself and shares it with the other sex. These practices are fast working a corruption of the body and morals of the transgressors, but far more important, it is destroying respect for organized government and obedience to law, without which no civilization can endure. To believe in government is to believe in law enforcement. In organized society the remedy for bad laws is repeal, not resistance or nullification.

The court is not concerned with the wisdom or the political, social or economic aspect of prohibition. Whether or no the Eighteenth Amendment should be repealed, or by amendment of either the Constitution or the Volstead Act, or by the delegated exercise of legislative powers by the several States, a more liberal definition of intoxicant shall be permitted, is entirely aside the question. The Eighteenth Amendment is the supreme law of the land. There is some popular misconception as to its force in the State of New York. This State in 1921 adopted an enforcement act, the Mullan-Gage Law (Laws of 1921, chaps. 155, 156). In

37

1923 it repealed it (Laws of 1923, chap. 871), from whence it is argued by some who would find excuse for their license, that by the repeal the State of New York denied effect to the Eighteenth Amendment. It is not, and was not, for New York or any other State, to approve or disapprove the Constitution of the United States or any amendment thereof. New York had its option to enact a formal enforcement law and at will to withdraw it, which it did. The prohibition against traffic in intoxicating liquors is plainer than the indissolubility of our Union or the binding force on the States of certain Federal judicial determination. No State has any more right to-day, than it had ninety years ago, to nullify the Constitution of the United States.

Prohibition being the supreme law of the land, and all judges in all of the States being bound by oath to support it, are the courts of this State free from responsibility to punish its flouters, and is the law of New York inadequate, with its multifarious provisions for all character of transgression, to vindicate the dignity of the government of the whole people of the United States and its organic law? Those are the questions presented here. For the purposes of determination of these questions it may be even assumed that Congress had remained inactive after the ratification of the Eighteenth Amendment and that the Volstead Act had never been adopted. Under such circumstances would public defiance to the Constitution of the United States and open effrontery to our Federal government and this disrespect to its Constitution, be beyond the pale of the laws of the State of New York? Careful consideration leads this court to the following conclusions:

*First.* That regardless of any enforcement law, Federal or State, a violation of the United States Constitution is a violation of law, which *must* be enforced in the several States to the extent that the laws of such States permit punishment for unclassified public offenses against law and order.

*Second.* That the courts of the several States and the judges thereof, under the Constitution of the United States, are oath-bound, to the extent that the laws of the State permit, to assist in the enforcement of the Eighteenth Amendment and the Volstead Act, and to punish violators of the same. It has accordingly been held that rights conferred by Congress may be asserted and must be recognized in State courts (See *Second Employers' Liability Cases,* 223 U. S. 1, 57, 58), and that the United States may secure an injunction in a State court for the purpose of closing a place wherein there is illegal traffic in liquor. (See *United States of America* v. *Sumner,* 125 Misc. 658.)

*Third.* That the act charged in a State prosecution may also

be a crime under the Federal laws. A single act may constitute separate crimes, one against the State and another against the United States, punishable concurrently by separate prosecutions in the State and Federal courts. (*Ex parte Siebold,* 100 U. S. 371.)

*Fourth.* That persons violating the Eighteenth Amendment of the United States Constitution and the Volstead Act may in certain circumstances be prosecuted in the courts of the State of New York, notwithstanding that the State of New York has not adopted an act to enforce the Eighteenth Amendment of the United States Constitution.

*Fifth.* Section 722 of the Penal Law of the State of New York (as amd. by Laws of 1924, chap. 476), so far as applicable here, reads as follows:

" In cities of five hundred thousand inhabitants or over any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct or be offensive to others; "

The transportation of intoxicating liquors into hotels or other public places, or the public sale thereof anywhere within the State, or dispensation or consumption thereof in public places, and any other course of conduct indicating a similar open or public defiance to the United States Constitution, constitutes an affront to the government of the United States and is a resistance to and attempted nullification of its organic law, and tends to place the administration of government and law in disrepute and contempt, is annoying, disturbing and offensive to the law abiding, and tends towards a breach of the peace, and all who by their acts or acquiescence participate. in such conduct, are guilty of disorderly conduct under section 722 of the Penal Law of the State of New York. So too, a place in which such practices are conducted or permitted " offends public decency " and is a public nuisance (Penal Law, § 1530), and may be abated, and those who conduct or permit such use are guilty of a misdemeanor. (Penal Law, § 1532.)

I accordingly find the defendant guilty of disorderly conduct under section 722 of the Penal Law of the State of New York.