THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v*. ————
BARBERA and Another, Defendants.

City Magistrates' Court, Seventh District, Borough of Manhattan, March 12,
1926.

Crimes — disorderly conduct — person selling intoxicating liquor, in
violation of Federal statute, is not guilty of disorderly conduct, under
Penal Law, § 722, subd. 2 — person in place where said liquor is sold
is not guilty.

Neither the proprietor of a place wherein intoxicating liquors are sold illegally,
in violation of the Federal statute, nor the persons within that place, are guilty
of disorderly conduct under subdivision 2 of section 722 of the Penal Law.

PROCEEDING for disorderly conduct under section 722 of the
Penal Law.

*Joab H. Banton, District Attorney* [*Louis K. Wasser, Deputy
Assistant District Attorney*, of counsel], for the People.

*Herman L. Falk* for the defendants.

CORRIGAN, City Magistrate. The defendants are charged with a
violation of section 722, subdivision 2, of the Penal Law. This
section (as amd. by Laws of 1924, chap. 476) provides: " In cities
of five hundred thousand inhabitants or over any person who with
intent to provoke a breach of the peace, or whereby a breach of
the peace may be occasioned, commits any of the following acts
shall be deemed to have committed the offense of disorderly con-
duct. * * * 2. Acts in such a manner as to annoy, disturb,
interfere with, obstruct, or be offensive to others."

Disorderly conduct is made a crime only by statute. The com-
plaint of Police Officer Williamson alleges that liquor was served
in a public place, namely, premises No. 107 West Forty-eighth
street, Manhattan, by Nichols, and that Barbera is the owner of
said premises. The complaint further alleges " that said acts did
tend to a breach of the peace, and that thereby a breach of the
peace was occasioned, and that by said acts said defendants did
offer insult and affront to the United States of America and did
make open resistance and did openly flout the Constitution of the
United States and the National Prohibition Act of Congress."

The evidence showed that the complainant, in company with
other policemen and a Federal agent armed with a search warrant,
entered the premises at midnight. The defendant Nichols was
behind the bar, and the defendant Barbera, who said he was the
proprietor of the place, was seated at a table. There were a num-
ber of men and women in the place, and some bottles said to contain

intoxicating liquor were found. No liquor was served or sold in the presence of the police.

It is obvious that the evidence does not show any act of disorderly conduct within the meaning of section 722 of the Penal Law, and I would dismiss the complaint without comment were it not for the fact that the police arrested all those found in the place and attempted to justify this action under a recent opinion of a magistrate to the effect that any one consuming intoxicating liquor in public is guilty of disorderly conduct.

The Appellate Division in the Second Department, in *Kalwin Business Men's Assn., Inc.*, v. *McLaughlin* (216 App. Div. 10) said: " The protection of the citizen and the maintenance of his constitutional rights is one of the highest duties and privileges of the court. It is a remarkable thing that it does not appear to be necessary to cite these great fundamental principles in our courts of justice nowadays save in these cases involving gambling and disorderly houses. The courts should not allow themselves to be deceived.   *   *   * "

Hence, I feel it my duty to point out that the learned magistrate in the opinion cited by the police (*People* v. *Wade*, 126 Misc. 574) failed to take into consideration the fact that there is no prohibition of drinking liquor in the National Prohibition Act (41 U. S. Stat. at Large, 307, chap. 85, tit. 2), nor anywhere else. Consequently, one who does consume liquor is neither " flouting " nor " insulting " (whatever that may mean) the Constitution. Any person who is in the legal possession of liquor may offer a drink to his guests with impunity, and what he may offer they may consume.

The Volstead Act made criminal what was before innocent. To say that it made two crimes, one a violation of a Federal statute and the other a violation of section 722 of the Penal Law, is not only repulsive to reason, but (were it true) would be a violation of the constitutional prohibition of double jeopardy. By a parity of reasoning every violation of a Federal statute, such, for instance, as counterfeiting, could be prosecuted as disorderly conduct, and Congress could change at will the State law — a contention so absurd that it has never been advanced. The provision for concurrent legislation by Congress and the Legislatures of the various States itself shows that no such idea was contemplated. Disorderly conduct has been made a crime by a statute passed by the Legislature of the State of New York. Like every other penal law, this must be construed strictly. It can be changed, amended or repealed only by the Legislature of this State. It is obvious that it cannot be modified by the Congress of the United States.

In this State we have, since the repeal of the Mullan-Gage Law

**866** Bd. of Hudson R. Regulating Dist. *v.* F., J. & G. R. R. Co.

Supreme Court, March, 1926. [Vol. 127

by chapter 871 of the Laws of 1923, no legislation, concurrent or otherwise, for the enforcement of prohibition, and our courts, district attorneys and police have all they can do in attending to what is exclusively their business. If the Federal government is unable to enforce prohibition it is primarily its concern, and not that of the State of New York. Consequently the police should be advised that regardless of the arid aspirations of any one they have no right to arrest for *disorderly conduct* either the patrons of a restaurant who may be drinking intoxicating liquor, nor the proprietors who may be violating the Volstead Act.

The defendants are discharged.