THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DAVID R. WADE, Defendant.

New York City Magistrates' Court, Seventh District, Borough of Manhattan, March 22, 1926.

OPINION supplementing 126 Miscellaneous, 574.

GORDON, City Magistrate. Since my decision herein (126 Misc. 574) in *People* v. *Barbera* (N. Y. L. J. March 20, 1926) occasion was found by another magistrate to refuse it recognition. It appears from the report of that case that there, there was no public sale, service or consumption, in fact not even proof of possession of intoxicating liquor. The discharge of the defendants was apparently justified.

The learned magistrate's vigorous dissent necessitates a further reference, not to what was, but to what was not, decided by me. It was not held that the Eighteenth Amendment of the United States Constitution or the National Prohibition Act prohibits the drinking of intoxicants. The dissenting magistrate correctly states that "Any person who is in *legal* possession of liquor may offer a drink to his guests with impunity and what he may offer they may consume." But the possession is illegal which comes from unlawful transportation. It was not decided that the Eighteenth Amendment and the Volstead Act are enforcible in the courts of the State of New York. New York has no enforcement act. Because the Eighteenth Amendment and the Volstead Act cannot be enforced, according to their tenor in a State court, it does not follow that they may be flouted with impunity. When the violation is public, offensive and annoying, section 722 of the Penal Law of the State of New York is adequate to punish the offenders. In the absence of such a general statute so defining " disorderly conduct," the offensive act may not be punishable in a State court.

It is not a necessary sequitur, as suggested, that every violation of a Federal statute, such as counterfeiting, " could be prosecuted as disorderly conduct." Clearly, the manufacture, private sale and transportation of intoxicants is, as is counterfeiting, exclusively for the Federal courts. Yet, doubtless, a public insult to the American flag or the offering for sale in public of counterfeit coins is punishable without special statute, as disorderly conduct, in the courts of the State of New York. In such cases, as in the case under consideration, the gravamen of the offense is the public nature of the act, the disrespect for government and law which it encourages, and the disturbance of the peace which it may occasion.

There remains only the objection, that the decision in this case offends the guaranties in our State and in the United States Constitution against double jeopardy for a single offense. The several States and the United States are separate though related governments. Besides duties of comity, they have rights and limitations as to each other fixed by the United States Constitution. They have separate and distinct judicial systems. The Fifth Amendment to the United States Constitution guarantees against double prosecution for the same act in the *courts of the United States.* It does not prohibit a second prosecution in the courts of any State. So, article I, section 6, of the New York State Constitution prohibits second jeopardy in the State courts, but does not deny to the United States courts the right to punish, after a State prosecution. Applying these principles to the case at bar, the State acts to punish those who disturb the peace. That the disturbance arises in con-

Supreme Court, March, 1926.                    [Vol. 126

nection with a violation of a Federal law or the United States Constitution is incidental. The Federal law or Constitution may be violated and yet the local peace not invaded. The United States government may also be interested in vindicating its dignity by a criminal prosecution. No constitutional guaranty, State or Federal, is violated. (*Ex parte Siebold,* 100 U. S. 371.)