PEOPLE *v.* WADE. **593**

Misc. 593]    Court of Special Sessions, City of New York, July, 1926.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID WADE, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, July 6, 1926.

**Crimes — disorderly conduct — defendant sold intoxicating liquor to police officer in premises in city of New York and was convicted of disorderly conduct as defined by Penal Law, § 722, subd. 2 — acts of defendant neither annoyed nor obstructed others within meaning of said statute — Magistrate's Court did not have jurisdiction.**

Defendant's conviction of the crime of disorderly conduct, as defined by subdivision 2 of section 722 of the Penal Law, in that while selling intoxicating liquors to a police officer in premises located in the city of New York said defendant acted in " such a manner as to annoy, disturb, interfere with, obstruct or be offensive to others " must be reversed, where the evidence shows that the only crime committed by the defendant was a violation of the National Prohibition Act of which the Magistrate's Court had no jurisdiction.

APPEAL from a judgment of conviction had in a City Magistrates' Court, Seventh District, Borough of Manhattan on February 11, 1926, adjudging the defendant, appellant, guilty of disorderly conduct tending to a breach of the peace and from the twenty-five dollars fine imposed by the magistrate.

*Frank R. Galgano,* for the appellant.

*Joab H. Banton, District Attorney [Michael J. Driscoll* of counsel], for the respondent.

PER CURIAM.    For selling intoxicating liquor to a police officer in premises located in the borough of Manhattan, city of New York, and known as the Turf Club, the defendant was charged with and convicted of disorderly conduct defined by subdivision 2 of section 722 of the Penal Law (as amd. by Laws of 1924, chap. 476) as follows:

" In cities of five hundred thousand inhabitants or over any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others."

The police officer went to the premises in question for the purpose of obtaining evidence against the place for any violation of law that might occur therein.    He in fact obtained evidence of a

---

* Reversing 126 Misc. 574, 762.

violation of the Revised Statute known as the Volstead Act (41 U. S. Stat. at Large, 307, chap. 285, tit. 2) and charged him with this crime in the Federal court. It cannot be said that the acts of the defendant annoyed, or obstructed, or disturbed or were offensive to the police officer. The other persons in the premises were also served with and were drinking intoxicating liquor and there is no evidence that they were annoyed, disturbed, interfered with or offended by such acts. In fact it clearly appears from the record that the only crime committed by the defendant was a violation of a Federal statute known as the Volstead Act of which the magistrate had no jurisdiction (*People* v. *Conti*, 127 Misc. 244, 260), and for which as above stated the defendant was prosecuted in the Federal court.

Judgment of conviction appealed from reversed on the law and the facts.

All concur; present, KERNOCHAN, Ch. J., McINERNEY and HERBERT, JJ.