HON. RAYMOND L. SCIARRINO District Attorney, Livingston County
This is in reply to your letter requesting the opinion of the Attorney General with respect to the following matter. You state that in your capacity as District Attorney of Livingston County you have commenced an investigation of a particular matter after having been petitioned to do so by several hundred residents of the County. You further state that, since your office does not have an investigator, you orally contracted for the services of a retired State Police investigator, who was to be paid at the rate of six dollars per hour, plus disbursements. Subsequently, this investigator commenced work and submitted a voucher at the end of October, 1976. However, the Finance Committee of the Livingston County Board of Supervisors has indicated that they will only allow $4.68 per hour for his services.
You, therefore, inquire whether you have the authority, as District Attorney, to contract for the services of this investigator and for the services of an accountant and an engineer needed to complete this particular investigation, where the board of supervisors has indicated an unwillingness to pay part or all of the expenses of their services.
Section 700 of the County Law imposes a duty upon every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county of his election. This responsibility includes the investigation of crimes as well as their prosecution (People v. Dorsey, 176 Misc. 932 [County Ct., Queens Co., 1941]). In conducting investigations and prosecutions, the district attorney is given a great deal of latitude and invested with a large measure of discretion as to what expenses he shall incur (People ex rel. Watts v. Board ofSupervisors of Niagara County, 170 App. Div. 334 [4th Dept., 1915]). A district attorney's actual and necessary expenses so incurred in the performance of his official duties are proper county charges (County Law, § 203[1]).
In People ex rel. Koetteritz v. Board of Supervisors ofHerkimer County (148 App. Div. 392 [4th Dept., 1911]), the district attorney, upon complaints made by citizens of the county, undertook an investigation of a public construction project. He employed an engineer residing in the county to investigate and make a report. Upon doing the same, the engineer presented his claim to the district attorney, who verified it, and it was submitted to the board of supervisors, but the board failed to audit the account. The Court held (pp. 395-396) that:
 "The [engineer] was entitled to receive compensation for what his services were reasonably worth and for what expenditures he properly made or incurred in carrying out the work he was engaged to do. If any of the charges made or expenses incurred are exorbitant they should be reduced or disallowed. * * *"
In People ex rel. Watts v. Board of Supervisors, supra, the district attorney employed two private detectives in furtherance of an investigation of possible criminal activities within the county. The district attorney had not been authorized to employ these detectives. The Court held, however, (p. 335), that although there was no express statutory authority to employ detectives without the approval of the board of supervisors " * * * the district attorney had ample authority to employ the [detectives], if he deemed their services necessary to an efficient discharge of his official duties. * * *" The Court found that the detectives were thus entitled to reasonable recompense, and that (p. 337) "* * * bills incurred in such employment are a county charge to be audited by the board of supervisors * * *."
In People ex rel. Daniel Wolff United States and ForeignDetective Bureau, Inc. v. Crane (235 App. Div. 698 [2nd Dept., 1932]), the Court held that a bill for services, which was submitted to the board of supervisors by a detective bureau after being approved by the district attorney, seemed reasonable and that therefore the action of the board of supervisors in reducing the items in the account was arbitrary and not justified by the evidence.
It is apparent from a reading of the above-cited cases that a district attorney, while conducting an investigation he deems necessary to an efficient discharge of his official duties, may engage the services of investigators, engineers or other experts without the prior authorization of the board of supervisors. The expense claims of those so employed, when submitted in proper form to the board of supervisors, constitute proper county charges to be audited by the board and should only be reduced if they are unreasonable or exorbitant.