Hon. Charles J. Wilcox District Attorney, Rensselaer County
We acknowledge receipt of your letter asking whether you, the district attorney of Rensselaer County, an elected officer whose office is provided for in the New York State Constitution, must submit a prepared, proposed budget to the county executive for approval and submission to the county legislature or whether you submit your budget yourself directly to the county legislature. You also ask whether, if you must submit your budget to the county executive, he has the authority or the power to reduce an appropriation request contained therein. In addition, you ask whether the county executive, individually or through any of the other departments, agencies, or officers of the county, has any control over the district attorney's budget once it has been approved and adopted.
A good understanding of the historical financial procedures in relation to the office of district attorney can be found in People ex rel.Phoenix v Supervisors of the City and County of New York, 1 Hill 362 (1841). In Matter of Pinney, 17 Misc. 24 (1896), the court noted that under the then County Law § 230 all expenses necessarily incurred by the district attorney in criminal actions and proceedings arising in his county shall be a county charge and held that all claims against a county must be itemized before they may be audited and so specifically stated that examination of the account exactly informs of what it consists.
People ex rel. Hamilton v Board of Supervisors of the County ofJefferson, 35 App. Div. 239 (1898) held that the district attorney may employ expert witnesses without prior consent of the board of supervisors but the claim for services by the expert witnesses is subject to audit by the board of supervisors which is not bound by the amount specified in the employment contract; it must pay but only the amount it finds to be reasonable.
Other cases of the same general nature are People ex rel. Koetteritz v Board of Supervisors of Herkimer County, 148 App. Div. 392 (1911); People ex rel. Manley v Board of Supervisors of Chenango County, 148 App. Div. 584 (1911); and People ex rel. Watts v Board of Supervisors of Niagara County, 170 App. Div. 334 (1915).
We conclude from the foregoing that anciently the office of district attorney was subject to the normal budgetary procedures which still prevail in counties. In those counties still maintaining the traditional form of county government, budgetary provisions are found in the County Law, Article 7 (§§ 350 through 381). County Law § 351 subdivision 1 defines "administrative unit" as an office, department, division, bureau, board, or commission, or other agency of county government. County Law § 353 subdivision 1 provides that the head of each unit shall submit an estimate of revenues and expenditures to the budget officer who, by section 351 subdivision 3 is defined to be the chief fiscal officer of the county or the person named by the board of supervisors to be the budget officer. Reverting to subdivision 1 we see that the estimate of revenues to be so submitted must be particularized and contain such additional information as the budget officer shall prescribe.
These provisions apply to the district attorney and to the sheriff and county clerk, who are also constitutional officers, as well as to the commissioner of social services and the county health officer, both of whom serve functions which are a matter of state, as well as local, concern and apply also to all other branches of the county government. The fiscal provisions in the County Law §§ 350-381 are not different in nature or extent from those contained in the county charter, although some difference in nomenclature exists, such as the budget officer being stated by the charter to be the county executive whereas the County Law makes the budget officer the county treasurer as chief fiscal officer. However, the provision contained in County Law § 351 subdivision 3 allows the board of supervisors to appoint a person other than the chief fiscal officer as budget officer. County Law § 150-a provides that a county legislative body, no matter how selected and referred to, has all the powers, duties and functions as a board of supervisors. We deem the Rensselaer County Charter to be the exercise of such authority.
The adoption of a county charter and creation of new offices in the county thereby and the transfer of functions from one office to another and to newly created officers, neither increases nor decreases the fiscal responsibilities and restraints of the office of district attorney or any other office within the county. None of the provisions contained in the Rensselaer County Charter differ in any material way from the provisions of Article 7 of the County Law insofar as supervision and control over finances are concerned.
In our opinion, in Rensselaer County the district attorney must submit his detailed, prepared, proposed budget to the county executive for approval and submission to the county legislature via the county executive's budget director; the district attorney does not have the right to submit his detailed, prepared, proposed budget directly to the county legislature; the county executive has the authority or power to reduce the appropriation request of the district attorney; the county executive himself and through other officers and departments of the county government does have control over the district attorney's budget once it is approved and may require the district attorney to requisition items through a purchasing department or officer before expending funds from his budget therefor; expenditures from the district attorney's budget are subject to audit, just as are expenditures from other portions of the county budget; in conclusion, it is our opinion that fiscal responsibility of a public office is not simply a dialogue between a single public officer and a legislative body and does not terminate with the adoption of a budget, as a result of which the county executive of Rensselaer County does have substantial supervisory control over the county budget once it is approved.